Lake, Ch. J.
Several errors are assigned in this case, but the condition of the record makes it unnecessary for us to notice but two of them at any length.
*265 The plaintiff commenced lxis action originally before . a justice of tlie peace, on a promissory note given him by" the defendant, and recovered a judgment for the amount of his demand. The defendant, thereupon, took the case to the district court by proceedings in error, and obtained a reversal of the j udgment, whereupon the cause was set down for trial in that court, as the statute provides shall be done in such cases. It is urged that this judgment of reversal was erroneous; but inasmuch as no exception was taken thereto, and a petition having been filed in the district court, the error, if any were committed was waived by the plaintiff.
The petition so filed was adjudged defective, and the plaintiff took leave to amend, which he did. To the amended petition a demurrer was interposed and sustained, and exceptions duly taken. Having elected to stand this second petition, final judgment was rendered against the plaintiff, and this brings us to the first practical cjuestion which the record presents, viz: was this demurrer properly sustained? Several of the alleged defects in this pleading, for instance, “that no copy of the note is attached to and filed with said amended petition,” and “ that the names of the parties plaintiff and defendant, are not properly entitled in said amended petition,” cannot be reached by demurrer. The grounds of demurrer are all set out in the code, and these are not of them. They are defects which can be reached only by motion.
The chief objection to this petition, and the one probably on which the demurrer was sustained is “that it appeal’s on the face of the petition, that an action on a promissory note, and an action of trover are improperly joined.”
"VYe find in this petition all the essential allegations, although not very symmetrically arranged, of an action *266 upon a promissory note. In addition to these there is given a brief history of the transaction out of which the note grew. It is alleged that “ on or about May 1, 1873, at the request of said John C. Christie, he sold and delivered him a certain horse * * * for the price of seventy-five dollars, and said Christie, in consideration of said sale, afterwards on the 15th day of July, 1873, executed and delivered to said Lash, a promissory note in writing of that date, and did thereby promise to pay said Lash the sum of $75, one day after date.” After a further description of the note, it is stated that “ at the time of the selling of said horse, as aforesaid, the said Christie represented himself to be capable of buying and agreeing to pay for said horse, and induced said Lash to believe he could do so. * * The said Christie having obtained the possession of said horse, in the manner aforesaid, converted and appropriated the same to his own use, and some time afterward, sold the same, and used the money arising from said sale for his own use and benefit.” Now all this recital of the consideration of the note, and the disposition made of the horse, by Christie, after his purchase, are immaterial, and had a motion to that end been made, should have been stricken out for that reason. All that Christie is alleged to have done he had a perfect right to do, for aught that appears in the petition, for lie was the true owner of the horse. It is not alleged, nor is there a single fact set forth from which the inference can be drawn, that there was a wrongful conversion of the horse by the defendant. We are of the opinion, that on the hearing of this demurrer, these immaterial facts should have been disregarded, and the petition sustained. The judgment of the court below, therefore, is reversed, and the cause remanded for further proceedings.
The record also shows that an attachment ivas sued out in the district court, which, on motion suj>ported by *267 affidavits, was dissolved. In this there was no error, and the ruling of the court on this motion is sustained.
Reversed and remanded.
The other judges concurred.