LAWRENCE A. RYAN, PLAINTIFF IN ERROR, V. THE STATE BANK OF NEBRASKA, DEFENDANT IN ERROR.

1.  **Pleading:** PETITION: DEMURRER.    In an action on an official bond the failure to attach a copy of the instrument to the petition is not ground of demurrer, and can be reached only by motion.

2.  ———:  COPY OF INSTRUMENT SUED ON.    The code does not make the copy of an instrument sued on indispensable to a good petition.    The rule requiring such copy has its exceptions, one of which is, that when it is shown in the pleading that because of the loss or destruction of the original a copy cannot be obtained, it may be omitted.

3.  ———:  SUFFICIENCY OF AVERMENTS.    In a petition to recover for damages occasioned by the neglect of the clerk of a district court to properly enter a transcript of judgment on the judgment record, so as to create a lien on real estate of the defendant, it is not necessary to allege that an execution has been issued on the judgment, and returned unsatisfied for want of property whereon to levy, but an allegation showing that the defendant owned no other property than that on which the lien was sought, and that owing to such neglect this has become lost to him, is sufficient.

4.  **Clerk of District Court:**  HIS NEGLECT TO RECORD TRANSCRIPT OF JUDGMENT:  OF THE PROOF REQUIRED.    To prove the neglect of the clerk of a district court to enter a transcript of judgment filed in his office on the judgment record so as to make the judgment a lien on real estate, it is necessary to show that he was requested to do so.    Such request, however, will be conclusively shown by the fact of his having entered it, on its delivery for that purpose, although so defectively as to defeat the object sought.

5.  **Terms of Probate (County) Courts:**  THEIR DURATION:  STATUTE CONSTRUED.    The terms of probate (county) courts,

Ryan v. State Bank.

as fixed by statute, commence on the *first* Monday and continue to and include the *third* Monday of each calendar month. As a general rule the use of the word "until," in a statute, as in a contract, should be taken as implying an intention to exclude the day to which it refers. But this rule must yield when it is manifest from the statute itself that the intention was to include it.

6. **Evidence.** The pleadings and judgment in the action wherein an injunction against the sale of real estate under execution issued are competent evidence to show the grounds on which the sale was enjoined.

7. **Practice:** JOINT ACTION: JUDGMENT. On the trial of a joint action against the principal and sureties on an official bond, the judgment may be against any number of the defendants, as the testimony warrants. But several actions on such bond cannot be maintained.

8. ————: PROOF OF EXECUTION OF BOND NOT NECESSARY AS AGAINST THE OFFICER. In such joint action for official negligence, a recovery may be had against the officer alone without proof of the execution of the bond.

9. **Error without Prejudice:** NO CAUSE FOR REVERSING JUDGMENT. The refusal of the court to give the jury a suitable instruction, when it is clear that such refusal could not possibly have prejudiced the party tendering it, is no cause for reversing the judgment.

ERROR to the district court of Richardson county. Tried below before WEAVER, J., who rendered judgment on the verdict of a jury against Ryan, one of the defendants there, for $580.96 and costs of suit. Further facts appear in the opinion.

*Schoenheit & Thomas*, for plaintiff in error, cited *Montgomery v. Henry,* 10 Mich., 19. *Aucker v. Adams,* 23 Ohio State, 543. *Eaton v. Bartscherer,* 5 Neb., 469. An allegation that Hall had no property is no excuse for not issuing execution. *Dunlevy v. Tallmadge,* 32 N. Y., 457. Before the bank could recover in this action, it was incumbent upon it to prove not only that Ryan had neglected to enter the judgment on the judg-

ment record, but also that such neglect was the cause of the damage sustained by plaintiff. The burden of proof is of course on the plaintiff. *Lyman v. Edgerton*, 29 Vt., 305. *Blossom v. Barry*, 1 Lans., 190. Section 18, Gen. Stat., 267, makes it the duty of the person who files the transcript to see that the judgment is entered on the judgment record, and that the clerk is made simply his agent for that purpose. *Ridgway's Appeal*, 15 Pa. St., 177. The district court erred in admitting in evidence the record of the judgment obtained in the probate court by the State Bank against William Hall. That judgment was rendered on the third Mondày in the month, and after the term of that court had closed, and it was therefore absolutely void. In order to charge the clerk in this case for breach of duty, it was incumbent upon the plaintiff to show a valid judgment. *Putnam v. Traeger*, 66 Ill., 89. As the statute provided that the term should continue *until* the third Monday, and no longer, the term must have ended at the last moment of the preceding day, and the court could not render judgment on the third Monday. *People v. Walker*, 17 N. Y., 502. The word *until* ordinarily excludes the day to which it relates. *Kendall v. Kingsley*, 120 Mass., 94. *King v. Stephens*, 5 East., 244, 250. *Blake v. Crowninshield*, 9 N. H., 304. *Ewing v. Bailey*, 4 Scam., 420.

*J. H. Broady* and *Isham Reavis*, for defendant in error, cited *Marshall v. The State*, 8 Blackf., 162. *People v. Clingan*, 5 Cal., 389. *Hesse v. Mann*, 40 Wis., 560. *Green v. Garrington*, 16 Ohio State, 548. 4 Cent. Law Journal, 449.

LAKE, J.

The action below was brought by the bank to recover from the plaintiff in error, and other co-defend-

ants alleged to have been sureties on his official bond, for damages occasioned by his neglect properly to enter upon the judgment record and index of the district court of which he was clerk a transcript of a judgment rendered by the probate court of Richardson county in favor of said bank, and against William Hall and others, so as to bind the real estate of said Hall as against subsequent purchasers.

The first of the alleged errors relates to the petition, which it is claimed was demurrable for the following reasons: 1. That no copy of the bond sued on was attached to it, as is required by sec. 124 of the code. 2. That it is not stated " how or in what manner " the loss to the bank " was brought about." 3. That it is not alleged that an execution had been issued on the judgment and " returned *nulla bona.*"

These objections are all untenable. In the first place the failure to attach to the petition a copy of the bond could not in any event be reached by demurrer, but only by motion. Besides, it should be remembered that the code does not make such copy indispensable to a good petition. This rule has its exceptions, one of which is that where it is impossible to obtain a copy because of the loss or destruction of the original it will not be required. Exceptions of this sort are contemplated by the last clause of the section just referred to, which declares that, if a copy be " not so attached and filed, the reason therefor must be shown in the pleading." [Gen. Stat., 543]. This petition is within the exception, it being alleged that the bond in question " has been lost and cannot be found," although repeated and diligent searches had been made therefor.

As to how the loss to the bank " was brought about " the petition is sufficiently full to show that by reason of the neglect of the clerk to do his duty con-

cerning said transcript the lien of the bank's judgment upon Hall's land was defeated by a sale to a subsequent purchaser.    In addition to this it is alleged that the land in question was of more than sufficient value to satisfy the judgment, and that " at no time since the rendition of said judgment " has said Hall " had or owned any property of any description out of which to make said judgment, or any part thereof, except the said real estate."    And this last averment furnishes a sufficient answer to the third point, showing as it does, that the issuing of an execution would have been but an idle ceremony, as nothing could possibly have been realized under it.    We consider the petition clearly sufficient to support the judgment, and consequently to withstand a general demurrer. If more particularity or certainty were deemed essential to the defense the supposed defect should have been presented to the court by motion, as directed by the last clause of sec. 125 of the code of civil procedure.    [Gen. Stat., 543.]    *Lash v. Christie,* 4 Neb., 262.

Several of the alleged errors rest upon the assumption that it was not proved that the clerk was requested to enter this transcript on the judgment record.    It is probably true that, taking the oral testimony alone, there was no sufficient evidence of such request.    The only witness upon this point was the president of the bank, who could only swear that he took the transcript to the clerk's office for the purpose of having it so entered, delivered it to the clerk or his deputy, and paid fifty cents, the customary fee for such service. But taking this together with the fact disclosed by the judgment record, that a defective entry of this identical transcript was made by the deputy clerk on the day of its presentation, and there is no want of evidence in this particular.    The taking of the fee and the erroneous entry place this matter beyond question.

Another assumption under which it is contended that certain testimony was erroneously admitted is that the judgment of the probate court having been rendered on the *third* Monday of the month was void. Counsel claim that this results from a proper construction of the following provision in the act concerning probate courts, by which the commencement and duration of the regular terms are fixed, viz.: " It shall be the duty of the probate judge in each county to hold regular terms of the probate court at his office at the county seat, commencing at nine o'clock A.M. on the first Monday of each calendar month, for the trial of such civil actions brought before such court as are not cognizable before a justice of the peace. Such regular term shall be deemed to be open, without any formal adjournment thereof, until the third Monday of the same month, when all causes not then finally determined shall be continued by such court to the next regular term. [Gen. Stat., 265, sec. 7.]

By the construction here contended for it will be seen that the term could not continue beyond the Saturday immediately preceding the third Monday of the month, after which time no judicial act, not even an order continuing the causes undisposed of, could be done in term cases, except rendering judgments by confession, as specially provided in the last clause of said section. But we are not prepared to so hold, although fully recognizing the fact that in the computation of time the use of the word " until " must be taken as implying an intention to exclude the day to which it refers. We think there is ample evidence in the section itself to show that the legislature intended to make the third Monday a term day.

It will hardly be questioned, we think, that the words " when " and " then " in the second sentence refer to the term " third Monday " in the preceding

clause. If this be so, then as these words are used only to designate the particular time when the court must ascertain what causes remain undetermined, and to order their continuance, which must be done before the term ends, the conclusion seems to be irresistible that the "third Monday" must be considered the last day of the term.

In the case of *The People v. Walker et al.*, 17 N. Y., 502, in which the court, in construing an act of the legislature extending the charter of a bank "until the first day of January," held that the charter expired on the 31st of December, this language is used: "The word until is very frequently employed in a sense excluding the day named, and that is its most obvious meaning, though it must be conceded that a very slight matter in the context would be sufficient to give it a different and inclusive sense." And in *Kendall v. Kingsley*, 120 Mass., 94, it was distinctly held that this general rule of exclusion, as applied to the word "until," "must yield to the intention of the parties, apparent upon the face of the whole instrument, as applied to the subject matter," and decided that an assignment, executed on the 31st of August, "of all rents due and coming due to me until October 1st," from a tenant whose rent was payable on the first day of each month, included the payment due October 1st. Other cases to the same effect might be cited, but these will suffice to show that the rule of construction invoked on behalf of the plaintiff in error is not of universal application; that the effect to be given to this word "until," whether found in a contract or in a statute, is the same, and in either case must depend upon the intention of those using it, as manifested by the context, and considered with reference to the subject to which it relates.

Another ruling relied on for error is one admitting

in evidence two executions, by which it was sought to satisfy said judgment by a sale of the land owned by Hall at the time of entering said transcript in the district court. The contention on this point is that there was no allegation in the petition to which this testimony was relevant. In this we think the counsel are mistaken, for there are at least two averments which these executions, and the returns thereon by the sheriff, tended to support, viz.: That Hall had no goods or chattels out of which the money could be made, and that the bank was enjoined from subjecting this land to its payment. And the pleadings and judgment in the case of *Metz v. The State Bank*, were properly admitted for the purpose of showing the grounds on which the order enjoining the sale of the land was based.

It is claimed also that the court erred in charging the jury. By the first instruction complained of, the jury were told, in substance, that it was not necessary for the plaintiffs, in order to recover against the defendant Ryan, to prove that he had given an official bond. The position of counsel on this point, as we understand them, being that where the petition states a cause of action against principal and sureties in a joint official bond, in order to warrant a recovery at all the proof must cover the entire ground of the complaint. We cannot so hold, nor does the case cited by counsel—*Aucker v. Adams & Ford*, 23 Ohio St., 543—go so far. In that case the court, in construing secs. 371 and 566 of the Ohio code, which are the same as secs. 429 and 643 of our code, held that in an action against the principal and sureties on the bond of a justice of the peace, it was error for the court to render a several judgment against one of the defendants, leaving the action to proceed against the others. The court also decided that a several action could not be maintained on such a bond. In the opinion, however,

we find this language, which fully accords with our view, that where, on the trial of such joint action, the evidence warrants it, the judgment may be against any number of the defendants: "When the subject matter of the action is such that the plaintiff could not have prosecuted several actions, his only remedy being to demand a joint judgment in a joint action, he cannot have a several judgment against any of the defendants until the liability of each and all of the defendants has been determined upon final trial of all the issues in the case. Upon such final trial, if all the defendants are found to be liable, then judgment should be rendered against all, and if some only are found to be liable, and others not, the judgment should be against those found to be liable, and in favor of those found to be not liable."

This petition doubtless shows a *joint* cause of action against all of the defendants; therefore, under the rule just stated, which we believe to be sound, a recovery against them all, or even against any of those named as sureties, would have required proof of all of its material allegations, including those showing the execution and delivery of the bond. As to the sureties, the petition, without the averments relative to the bond, stated no cause of action. Not so, however, as to the defendant Ryan. He was the principal in all these transactions, and it was his negligence that caused the injury complained of. His liability in nowise depended upon having given a bond; and if everything relating to that instrument had been omitted, or stricken from the petition, a good cause of action as against him would have remained. This being so, how can it be said that proof of the execution of the bond was essential to the plaintiff's right to recover against the defendant Ryan? There was no error in this instruction, and necessarily none in that concerning the failure of

the bank to prove the contents of the bond, as it related to matter not at all material, and could in nowise have affected the result as to the party now complaining. Had the other defendants, the alleged sureties, been defeated on the trial, and were they here, these questions concerning the execution and contents of the bond, which now are immaterial, would be pertinent subjects of inquiry.

The *fourth* instruction given on behalf of the bank was certainly erroneous. It was in these words: "The jury are instructed that if the transcript of the judgment in the probate court was duly filed with the defendant Ryan, or his deputy, as alleged in the petition, to be entered on the records according to law for the purpose of becoming a lien on the lands of said William Hall, and that Ryan's fees for such purpose were paid, or he made no objection on account of fees, then the jury are instructed that the defendant L. A. Ryan did not do his official duty to properly index such judgment and enter it on the judgment record, and arrange the same alphabetically in such a way as to make it a lien on any land of said Hall."

In effect this instruction makes the secret "purpose" alone of him who presented the transcript to the clerk sufficient to have required that officer to enter it at once upon the judgment record, and in this lies the error. If such entry were the only purpose for which a transcript could be legally filed with the clerk, the instruction might have been proper enough, but when that purpose could have been a simple filing in view of an appeal, or of proceedings in error, it was unwarrantable, and but for the conclusive evidence of a proper request found in the record itself, as before shown, might have required a reversal of the judgment. The proof, however, being such that the jury would not have been justified in finding the clerk ignorant of the

purpose for which he received the transcript, the error was not prejudicial, nor a sufficient cause for granting a new trial.

The record shows the tender of a suitable instruction on this point by Ryan's counsel, which the court refused, but inasmuch as the state of the proof had removed the matter of request from the field of controversy, no harm was done, and the alleged error should not be permitted to disturb the judgment.

JUDGMENT AFFIRMED.