HOLT COUNTY BANK ET AL. V. HOLT COUNTY.

FILED FEBRUARY 17, 1898.   No. 7873.

1. Pleading: COPY OF WRITING.  The requirement of section 124 of the Code of Civil Procedure is that a pleader shall state the facts which constitute his cause of action or defense; and if the suit is upon a written obligation then a copy thereof should be attached as an exhibit to the pleading.

2. ———: ———.  But where a pleader copies into his pleading the entire written instrument upon which his action is based this sat-

isfies the requirements of the Code, as the purpose of the section is to give the opposite party notice of the instrument upon which the cause of action or defense is based.

3. ———: ———. A petition does not fail to state a cause of action simply because the written obligation made the basis of the suit is copied into and made a part of the petition instead of being attached thereto as an exhibit.

4. Constitutionality of Depository Law. *Hopkins v. Scott*, 38 Neb. 661, holding the depository law of 1891 (Session Laws, ch. 50) not unconstitutional for any of the reasons therein alleged, reaffirmed.

5. Review: EVIDENCE: JUDGMENT. Where the judgment is the only part of the record of a former suit offered in evidence it will be conclusively presumed that the court rendering the judgment had jurisdiction of the parties thereto.

ERROR from the district court of Holt county. Tried below before BARTOW, J. *Affirmed.*

*H. M. Uttley* and *R. R. Dickson*, for plaintiffs in error.

*M. F. Harrington* and *H. E. Murphy, contra.*

RAGAN, C.

The Holt County Bank in March, 1892, was a banking corporation organized under the laws of the state and domiciled at O'Neill, in said Holt county. On that date it became a depository of county and public moneys in pursuance of the provisions of chapter 50, Session Laws of 1891, and executed a bond for the safe-keeping and repayment of all moneys received by it as such depository from the county treasurer of said county. Holt county brought this suit in the district court thereof against the bank and the sureties on its depository bond to recover a sum of money which it had received under the depository law and under its bond and had not paid over and accounted for to the treasurer of Holt county on his demand therefor. It had a verdict and judgment, and Adams, McBride, and Dwyer, sureties on the depository bond, bring that judgment here for review on error.

1. The first argument is that the petition does not state a cause of action. This argument is based upon

counsel's contention that a copy of the depository bond sued on must be attached to and filed with the petition. Section 124 of the Code provides: "If the action . * * * be founded on * * * a * * * written instrument as evidence of indebtedness, a copy thereof must be filed with the pleading." The plaintiff in this case did not attach a copy of the depository bond to its petition as an exhibit or otherwise, but copied the entire bond into the petition and made it an integral part thereof. This of course was not a literal compliance with the provisions of the Code, but the petition did not fail to state a cause of action simply because the bond was copied into, and made a part of, the petition, instead of being attached thereto as an exhibit. *Ryan v. State Bank,* 10 Neb. 524, was a suit upon the official bond of a county officer. It was there claimed that the petition was demurrable because no copy of the bond sued on was attached to it; but the court said that the objection was untenable; that a failure to attach to the petition a copy of the bond could not be reached by demurrer but by motion. Conversely, *Pefley v. Johnson,* 30 Neb. 529, was a suit on a written contract. In his petition the plaintiff alleged the making of the contract, "which is hereto attached and made a part hereof," but in his petition, aside from this exhibit, did not set out what the contract was nor the breach of it, and it was held in that case that while this style of pleading was not to be commended, the exhibit must be read as a part of the petition. The true meaning of the Code is that a pleader should state in his pleading the facts which constitute his cause of action or defense. If the suit is upon a written obligation, then a copy should be attached as an exhibit to the pleading; but where a pleader sets out the entire written instrument, upon which his action is based, in the pleading itself, it satisfies the requirements of the Code, as the purpose of that section is to give the opposite party notice of the instrument upon which the cause of action or defense is based.

2. The second argument is that the depository law of 1891 is unconstitutional. The validity of this act was assailed in this court in *Hopkins v. Scott*, 38 Neb. 661, upon the same grounds on which it is assailed here, and it was held that the act was not invalid for any of the reasons urged against it. It is not necessary to restate our reasons for the conclusions there reached.

3. It appears that the county, before the trial of this action, had obtained judgment against the Holt County Bank on the depository bond in suit here, and on the trial of this action the county introduced in evidence that judgment. It is now insisted by the plaintiffs in error that the court erred in permitting that judgment against the bank to be introduced in evidence in this case; and the only reason they urge as to why the judgment should not have been admitted in evidence is that it was void, as the court had no jurisdiction over the bank at the time it was pronounced. The court had jurisdiction of the subject-matter of the suit, and we have before us no part of the record of that case except the judgment itself, and we must indulge the presumption that the court had jurisdiction over the bank at the time it pronounced the judgment. It is said in the briefs that the summons in that case was not served upon the bank or upon any person upon whom a valid service might be made. We do not know whether the bank voluntarily entered its appearance in the action or whether a summons was served upon it, as none of these facts are disclosed by the record.

There are other minor objections made to the judgment, but we do not deem them of sufficient importance for consideration here. The judgment of the district court is the only one that could have been correctly rendered under the pleadings and the evidence, and it is accordingly

AFFIRMED.