(45 Misc. Rep. 478.)

## WHITTINGHAM v. DARRIN et al.

(Supreme Court, Special Term, New York County. December, 1904.)

1. PARTNERSHIP—WHAT CONSTITUTES.

Plaintiff sued for dissolution of a partnership between stockholders of a corporation under a contract providing that the stock held by them could be sold to other persons only by mutual consent, and that on such a sale the stock should be drawn equally from the shares held by the parties to the contract, and that on a sale by any party the others should have a 'prior right to purchase in order to keep the holdings of the parties equal at all times. *Held*, that the agreement did not create a partnership.

2. SAME—ACTION TO DISSOLVE.

An action for dissolution of a partnership between stockholders of a corporation will not lie where the pleadings do not establish such partnership, though incidental relief against the corporation for an accounting and injunction is asked.

3. SAME—DEMURRER.

Where plaintiff sued for dissolution of an alleged partnership between members of a corporation, and for an accounting by the corporation, and the pleadings did not show the creation of such a partnership, a demurrer by defendant corporation that the complaint improperly united different causes of action should be overruled.

Action by George H. Whittingham against David H. Darrin and others. Demurrer to complaint overruled.

Taylor More, for plaintiff.

Clarence E. Thornall, for defendants David H. Darrin and D. H. Darrin Co.

Hansen, Zinsser & Power, for defendant Automatic Switch Co.

BLANCHARD, J. The plaintiff claims in this action that a copartnership exists between himself and the defendant Darrin in relation to the stock of the defendant the Automatic Switch Company, and he demands a judgment annulling the alleged copartnership agreement and dissolving the copartnership. As incidental relief, the plaintiff seeks a further judgment directing that the assets of the copartnership, consisting of said corporate stock, be sold, and an accounting had between the plaintiff and defendant Darrin of all their transactions; that an injunction issue restraining the several defendants from proceeding with certain actions and proceedings now pending in this court and in the courts of the state of Maryland; that the defendant the said Automatic Switch Company, a Maryland corporation, be dissolved; that its property be sold for the benefit of its creditors, if any there shall be, and for the benefit of its stockholders, including the plaintiff; that a receiver be appointed of its property; that its assets be divided among the parties as their interest may appear; and finally that an injunction be granted, enjoining the Automatic Switch Company and its directors and agents from arbitrating, settling, or compromising the alleged differences between the Automatic Switch Company and the defendant the Darrin Company, a New York corporation. The Automatic Switch Company has demurred to the complaint upon the ground that it does not state facts sufficient to constitute a

cause of action against it for its dissolution, or for the appointment of a receiver of its property; also upon the further ground that several causes of action have been improperly united. The defendants David H. Darrin and the D. H. Darrin Company have demurred upon the ground that causes of action have been improperly united. The facts stated in the complaint clearly indicate that the real controversy in this action arises out of a contest between the plaintiff and other stockholders of the Automatic Switch Company for the control of the management of the company. The plaintiff contends that the defendant Darrin has secured such control by fraudulent means. The alleged copartnership agreement in respect to the stock of the company which the plaintiff seeks to have annulled is between the plaintiff, on the one part, and the defendants David H. Darrin and the D. H. Darrin Company, on the other part. Such agreement is, in effect, that any stock of the company held by the plaintiff or the defendants Darrin and the D. H. Darrin Company may be sold to other parties upon the mutual consent of the parties to the agreement; that the stock so sold shall be drawn equally from the stock owned by the plaintiff and the defendants Darrin and D. H. Darrin Company; and that, in the event of such sale of stock by either party, the other party shall have the prior right to purchase the stock at the same price offered by the outside intending purchaser. This agreement also contains the following provisions:

"The object of this agreement being to keep the holdings of George Herbert Whittingham and David H. Darrin by mutual agreement equal at all times, except when either party desires to reduce his holdings voluntarily. It is further agreed that so long as David H. Darrin and George Herbert Whittingham hold the same amount of stock and perform equal duties they shall each draw the same rate of salary."

The terms of this agreement appear to have been performed, as the complaint states that in October, 1903, the plaintiff held 952 shares of the stock, and the defendants Darrin and the D. H. Darrin Company (represented by the defendant Darrin) also held 952 shares. The entire balance of the stock, amounting to 1,096 shares, was owned by other parties. It is not possible to give a construction to this agreement which will create a partnership relation between the parties to it. It lacks every essential of articles of copartnership. It does not show a joint business venture in which the parties are to share in the profits and bear the liabilities thereof. It is evidence of nothing more than an attempt by two parties holding the majority of the stock of a corporation to perpetuate by their personal contract their joint control of the management of the corporate affairs. The parties may have intended by this to manage the corporation as a mere copartnership, but such attempts are apt to result in failure sooner or later, as this case clearly shows. The plaintiff does not attack this agreement for fraud or mistake, and it appears that it was executed, in so far, at least, as the division of the stock between the parties to it was concerned. The plaintiff has shown no reason calling for the annulment of this agreement, nor has he established the existence of any copartnership relation between himself and the defendant Darrin in respect to the stock or business of the Automatic Switch Company.

Their relations in this respect were those of parties owning a controlling interest in the stock of the company, and this agreement did not alter that relation at all. Therefore the plaintiff's alleged cause of action fails, and the incidental relief which he seeks by way of an accounting, injunction, dissolution of the defendant the Automatic Switch Company (a foreign corporation), and receivership and distribution of its assets, must be denied, for the right to such relief is concededly based upon the theory that the plaintiff has a cause of action for the dissolution of a copartnership, and for a partnership accounting in relation to the business and stock of the Automatic Switch Company. As to the demurrers that causes of action have been improperly united, it will be sufficient to state that a careful analysis of the complaint leads to the conclusion that the plaintiff has attempted to state but one cause of action, viz., for a dissolution of the alleged copartnership between himself and the defendant Darrin, and for a partnership accounting in respect to the business and stock of the defendant the Automatic Switch Company.

The demurrer to the complaint upon the ground that no cause of action is stated is sustained, with costs. The demurrers that causes of action have been improperly united are overruled, with costs.

Ordered accordingly.