J. J. BARNETT, Appellant, v. J. W. GROUND, JR.,
Executor, and FLORA B. GROUND, Executrix of
Estate of J. W. GROUND, G. A. BARNETT, E. G.
BIGELOW, D. I. PARSONS, B. R. CLARK, E. C.
BORDEN, PORTO RICO MINING COMPANY and
BARNETT MINING COMPANY.

Division Two, July 5, 1924.

1. **PLEADING**: Misjoinder of Causes. The statute (Sec. 1221, R. S.
1919) provides for the joining, as one class, different causes by a
party in his representative capacity; but plaintiff cannot sue in a
representative capacity as a stockholder of a corporation, and
unite in the same suit his cause of action with a cause in his in-
dividual capacity. Causes of action joined in the same suit must
all belong to one of the classes enumerated in the statute.

2. ———: ———: **Suit by Stockholder.** To sue as a stockholder of a
corporation plaintiff must be a stockholder at the time his suit
is brought; and if he has sold and transferred his stock, his peti-
tion states no facts which will entitle him to recover for a wrong
suffered by the corporation, and in such case it will not be held
that he has joined a cause of action brought by him in his repre-
sentative capacity as a stockholder with a cause brought by him in
his individual capacity. ·

3. ———: ———: **Against Several Defendants: Conspiracy: Prayer
for Relief.** Whatever is done by one of the conspirators in carry-
ing out the object of the conspiracy is the act of all. A petition
alleging that the several individual defendants entered into a con-
spiracy by which they fraudulently and unlawfully transferred the
property of a corporation, of which plaintiff was a stockholder,
to another corporation of which they were the sole stockholders,
and thereafter, in pursuance of their conspiracy to defraud plaintiff,
one of them, by deceit and false representations, induced him to sell
his stock for the benefit of all for much less than its actual value,
and thereupon all of them, in furtherance of said conspiracy, and
acting through said other corporation, sold all the properties at a
very large sum, whereby he was cheated and defrauded out of the
greater portion of his rightful share, states a cause of action

304 Mo.—38

against all the individual defendants, and not simply a cause against the one who bought his stock; and being entitled to some relief on the facts stated, it does not matter that plaintiff was not entitled to all the relief prayed for.

4. ———: **Misjoinder of Parties: Conspiracy.** A corporation, organized by the individual defendants for the purpose of perpetrating a fraud, to which the property of a corporation of which plaintiff was a stockholder was transferred, and by which the proceeds of the fraud were received by said individual defendants in its name, all done in pursuance of a conspiracy between such defendants to get possession of plaintiff's stock and to deprive him of his rightful share of the net profits in operating the properties, is a proper defendant.

5. ———: **Misjoinder of Causes: Multifariousness.** Where only one cause of action is actually stated, although an attempt is made to state several causes, the petition is not multifarious. And where the petition states a cause of action which the plaintiff, as an individual, has against the several defendants, and fails to state facts which would authorize relief to him as a stockholder in a defendant corporation, there is no misjoinder of causes of action; but so much of the petition as states a cause of action for plaintiff as an individual should be held to be good, and so much of it as fails to state a cause of action for him in his representative capacity as a stockholder should be disregarded.

Headnotes 1 and 5: **Actions:** 1, 1 C. J. sec. 261; 5, 1 C. J. sec. 204. Headnote 2: **Actions,** 1 C. J. sec. 261; **Corporations,** 14 C. J. sec. 1454. Headnotes 3 and 4: **Conspiracy:** 3, 12 C. J. secs. 178, 216; 4, 12 C. J. sec. 187.

Appeal from Jasper Circuit Court.—*Hon. Grant Emerson,* Judge.

REVERSED AND REMANDED.

*Paul E. Bradley* for appellant.

(1)   The petition does state facts sufficient to constitute a cause of action. 1 C. J. 1055-57, secs. 190, 191; 6 Fletcher on Corporations, sec. 4058; Price v. Union Land Co., 187 Fed. 889; Witherbee v. Bowles, 201 N. Y. 427; Jones v. Missouri-Edison Electric Co., 144 Fed. 775.

(2)   The allegations of the petition all relate to and grow out of a scheme to defraud the plaintiff, and therefore the petition does not state two separate and distinct causes of action. Thomas v. Thomas, 41 N. Y. Supp. 276; Life Ins. Co. v. McCurdy, 103 N. Y. Supp. 837; Empire Realty Company v. Harton, 176 Ala. 99; Simon v. Weaver, 143 Wis. 330; Harvey v. Meigs, 119 Pac. 941; Jones v. Missouri-Edison Electric Co., 144 Fed. 775.   (3)   The petition does not state two causes of action, in the first of which he sues in a representative or derivative capacity and in the second of which he sues in his individual capacity.   The petition states but one cause of action in which mere incidental relief is asked preliminary to the main relief.   6 Fletcher on Corporations, sec. 4058, p. 6890; Empire Realty Co. v. Harton, 176 Ala. 99; Price v. Union Land Co., 187 Fed. 889; United States v. Railroad, 134 Fed. 715; Witherbee v. Bowles, 201 N. Y. 427; Jones v. Missouri-Edison Elec. Co., 144 Fed. 765; King v. Livingston Mfg. Co., 68 So. 897; Donnelly v. Lambert, 70 N. Y. Supp. 963; Elder v. Western Mining Co., 237 Fed. 977.

*Howard Gray, A. E. Spencer, Grayston & Grayston* and *Beardsley & Beardsley* for respondents.

(1)   A plaintiff cannot sue both in his individual capacity and in a representative capacity in the same suit.   R. S. 1919, sec. 1221; Bliss on Code Pleading (1 Ed.) sec. 117, p. 155; 14 C. J. 929; Bliss on Code Pleading (3 Ed.) secs. 112, 117; Ferrin v. Myrick, 41 N. Y. 315. (2)   A stockholder asserting the rights of his corporation, or suing to redress a wrong to the corporation, must necessarily sue in a representative capacity as a trustee for the corporation.   Whitten v. Dabney, 171 Cal. 621.   In such case no recovery can be had for a personal injury to the stockholder.   Turner v. Markham, 155 Cal. 562.   The cause of action must be for an injury to the corporation itself.   Waters v. Horace Waters & Com-

pany, 201 N. Y. 184. The measure of relief granted in such a case must be the same as if the corporation itself were the complainant. Collins v. Penn-Wyoming Copper. Company, 203 Fed. 726; 14 C. J. 924, 925, 932, 938, 940, 947; 4 Thompson on Corporations, secs. 4561, 4632. There can be no individual recovery in behalf of a stockholder suing in the right of the corporation for his proportionate part of the proceeds. The cause of action belongs to the corporation and no part of it belongs to him as an individual. Niles v. Railroad Co., 176 N. Y. 119; Seitz v. Michel, 148 Minn. 114; Hodge v. Meyer, 252 Fed. 479-483; Cook on Corporations (6 Ed.) sec. 724, p. 2426; Kavanaugh v. Commonwealth, 181 N. Y. 121; Brock v. Poor, 216 N. Y. 111; Priest v. White, 89 Mo. 609, 616.; Ready v. Smith, 170 Mo. 163, 175. (3) A petition is multifarious wherein the plaintiff seeks to settle the right of ownership of stock in the corporation and to obtain a relief which depends upon such ownership. Inman v. New York Water Company, 131 Fed. 997. A petition is multifarious where a judgment creditor seeks to recover of some defendants upon their unpaid stock subscriptions and to recover an additional amount from one of the defendants because of his individual misappropriation of the corporate funds. Montserrat Coal Company v. Johnson County Coal Mining Co., 141 Mo. 149; United Elevator & Grain Company v. Collier, 188 S. W. 1127; Brock v. Poor, 216 N. Y. 387; Zadek v. Merchants Bank, 204 Ala. 316.

WHITE, J.—The ,plaintiff in this suit complains of certain wrongs done him by the defendants, and asked various kinds of relief. A demurrer to his amended petition was sustained by the trial court. He declined to plead further, and judgment was rendered against him, from which judgment he appealed.

. Plaintiff's amended petition alleges the following:

"Plaitiff brings this suit on behalf of himself, and such other stockholders of the Porto Rico Mining Com-

pany, as may be similarly situated, and who may wish to join herein.

"Plaintiff avers that the Porto Rico Mining Company is a corporation, organized under the laws of the State of Missouri, on the —— day of the month of ——, 19—, with a specified capital stock of $15,000; that the Barnett Mining Company is a corporation organized under the laws of Missouri, on the —— day of ——, 1914, with a specified capital of $5,000.

"That, from and after the organization of said Porto Rico Mining Company, its stockholders were J. W. Ground, G. A. Barnett, E. G. Bigelow, D. I. Parsons, B. R. Clark, E. C. Borden, W. H. Gunther, and E. McCoy, and this plaintiff, J. J. Barnett, and that, since the organization of said Porto Rico Mining Company, the plaintiff has been, and now is, the owner and holder of one-fifth of the capital stock of the Porto Rico Mining Company, and entitled, as such stockholder, to all the rights and benefits of one-fifth of the profits of said Porto Rico Mining Company; that, at all times since the organization of the Porto Rico Mining Company, the defendants, J. W. Ground, D. I. Parsons, E. G. Bigelow, G. A. Barnett and Dr. E. McCoy have been its board of directors."

The petition then sets out a description of the real estate covered by a mining lease of the Porto Rico Mining Company, describes the mills erected on the land prior to September, 1914, and alleges that the Porto Rico Mining Company had discovered valuable ore deposits on the land; that the company was organized by its incorporators for the purpose of carrying on mining operations. The petition then proceeds as follows:

"That on the —— day of ——, 1914, the said J. W. Ground, G. A. Barnett, E. G. Bigelow, D. I. Parsons, B. R. Clark, and E. C. Borden, being stockholders, officers, and directors, of the said Porto Rico Mining Company, conspired and confederated together to obtain the benefits to themselves, and to the exclusion of the minor-

ity stockholders of the said Porto Rico Mining Company, all the large benefits and profits from mining and carrying on, mining operations on said land.

"That in pursuance of said conspiracy to cheat and defraud the minority stockholders, among whom was this plaintiff, owning and holding a one-fifth of the stock of the said corporation, the said defendants .organized, or caused to be organized, the defendant corporation, the Barnett Mining Company, with a specified capital stock of $5000, and caused the defendants, J. W. Ground, G. A. Barnett and E. G. Bigelow, to be constituted and installed as the board of directors of said corporation, and having thus organized said Barnett Mining Company, the said defendants, still pursuing their unlawful purpose to deprive the minority stockholders of said Porto Rico Mining Company. (and particularly this plaintiff), of the benefits of the mining operations, by said Porto Rico Mining Company, and acting in the name of the said Porto Rico Mining Company, as the board of directors, officers and agents thereof, and at the same time acting for themselves, under the name of the Barnett Mining Company, and being thus the contractors and contractees, grantors and grantees; in form, entered into a contract in writing with themselves, acting as the Porto Rico Mining Company, and themselves acting as the Barnett Mining Company, whereby all of said leasehold property, and mining mill and machinery, was delivered into possession of them, the said J. W. Ground, G. A. Barnett, E. G. Bigelow, D. I. Parsons, B. R. Clark, and E. C. Borden, under the name of the said Barnett Mining Company, and having thus agreed with themselves to take the said property, the said defendant proceeded at once to, and did in fact, take possession of all the property of the Porto Rico Mining Company, and proclaimed themselves the owner of all the mining rights of said Porto Rico Mining Company, under the name of Barnett Mining Company, and excluded the plaintiff and other minority stockholders from the same."

The petition then alleges that one of the directors of the Porto Rico Mining Company, Dr. E. McCoy, was not served with a notice of the meetings mentioned above, and proceeds:

"Plaintiff avers that said pretended contract was, and is contrary to public policy, and illegal, and void, and that the same furnished no authority to the said defendants to take possession and mine the property of the Porto Rico Mining Company. Plaintiff avers that, upon the execution of said illegal contract, the defendants aforesaid, under the name of the said Barnett Mining Company, and pursuant to said illegal agreement, took possession of all of the mining property of the Porto Rico Mining Company, and mined and sold the ores therefrom, and made large profits from such mining, all of which was paid to the said defendants, J. W. Ground, G. A. Barnett, E. G. Bigelow, D. L. Parsons, B. R. Clark and E. C. Borden, and from which benefits the plaintiff, and the said other minority stockholders were excluded.

"That the said profits belong to the Porto Rico Mining Company, and to the stockholders thereof, but were distributed by the aforesaid defendants to themselves, as dividends on the stock of the said Barnett Mining Company.

"This plaintiff is unable to state the total amount of said profits, but is informed and believes that the said defendants have reported and declared dividends out of the profits of said mine to the amount of $117,752.01, and this plaintiff believes that said dividends and profits amount to $147,752.01, and on his information and belief states that the profits of said mining operations, in which this plaintiff is entitled to participate, as the holder of one-fifth of the stock of the Porto Rico Mining Company, is $147,752.01.

"Plaintiff avers that on the —— day of March, 1916, the said defendants, acting in the name of the said Porto Rico Mining Company, and in the name of the said Bar-

nett Mining Company, sold all of the property and mining leases aforesaid, for the net sum, to them, of $157,500.

"Plaintiff avers, that, while the defendant, J. W. Ground, was president of the said Porto Rico Mining Company, and, as such president, managing the property of the said Porto Rico Mining Company, and while he thus owed the duty to the plaintiff, to fully disclose to him all of the facts effecting the value of plaintiff's said stock, and on the —— day of March, 1916, and pursuant to conspiracy aforesaid and the purpose of all of the said defendants to deprive the plaintiff of the benefit of the ownership of his corporate stock aforesaid, and just two days before the aforesaid sale of the mining property of the Porto Rico Mining Company was made for the said sum of $157,500, offered to buy plaintiff's one-fifth share of the capital stock of the said Porto Rico Mining Company, and in order to induce the plaintiff to part with his said stock, explained to the plaintiff that said Porto Rico Mine could not be operated at a profit because the dirt in said mine was entirely too thin."

The petition states certain misrepresentations of fact made to the plaintiff by J. W. Ground, and follows with these allegations:

"All of which said statements, so made by the said J. W. Ground, were false and untrue and made by the said J. W. Ground, to induce the plaintiff to part with his said stock, the said J. W. Ground well knowing that the plaintiff had been deceived and misled, with reference to the rights of said J. W. Ground, and his aforesaid associates to take over the property of the Porto Rico Mining Company in the name of the Barnett Mining Company, and intending by procuring the plaintiff's said stock to prevent the plaintiff from ever receiving his share of the dividends, paid out of the said operations, the amount of which the said J. W. Ground concealed from the plaintiff, and concealing from the plaintiff the fact that said J. W. Ground, *and his associates had already negotiated a sale of the property of the said Porto*

*Rico Mining Company,* for the said sum of $157,500, as aforesaid, and plaintiff, so as aforesaid, believed all of said statements of the said J. W. Ground to be true, and being deceived thereby assigned and delivered his said one-fifth interest in the capital stock of the said Porto Rico Mining Company, and received from the said J. W. Ground, the sum of $9250.

"Plaintiff avers that all the said false and fraudulent representations and concealments by the said J. W. Ground were pursuant to the purpose and design of the said J. W. Ground and his associates, and the conspiracy aforesaid to deprive this plaintiff of the benefits of the dividends aforesaid, and the plaintiff's share of the purchase price of the property aforesaid, and that the said defendants and all thereof received and appropriated the benefits derived from the said purchase of plaintiff's said stock in the said Porto Rico Mining Company by the means, and in the manner hereinbefore set out, and the said J. W. Ground and the defendant G. A. Barnett managed said deal, by which plaintiff parted with his said stock, for and on behalf of themselves and their said co-defendants, and that the dividends rightly belonging to the plaintiff on said stock were divided pro rata among all of the said defendants, and that the share of the purchase money of said property rightly belonged to plaintiff as a stockholder aforesaid, was divided among, and appropriated by, all of the said defendants, and said purchase was for the use and benefit of all of said defendants."

The petition then alleges that at the time plaintiff delivered his stock to J. W. Ground, by reason of the said false representations, his share of the dividends from mining operations was more than $23,000, and that his share of the purchase money received from the sale of the property was $31,500, and he was cheated and swindled out of $45,000. That Ground paid him only $9250 for his stock. The following relief is asked:

That the contract whereby he sold his stock in the Porto Rico Mining Company to Ground be set aside and

he be restored to all of his rights as a stockholder of one-fifth of the capital stock of said company, ''upon such terms and conditions as to the court may seem meet and just.''

That the court decree the contract, dated September 10, 1914, whereby the Porto Rico Mining Company leased its property to the Barnett Mining Company, be adjudged fraudulent and void, and that the Porto Rico Mining Company was at all times legal owner and entitled to all the profits from the mining operations on its land by the Barnett Mining Company.

That the court adjudge all dividends declared or paid by the Barnett Mining Company to belong to the Porto Rico Mining Company, and the plaintiff be allowed to recover one-fifth thereof; that the court adjudge the sale of the property by Porto Rico Mining Company and the Barnett Mining Company was the sale of the Porto Rico Mining Company alone, and that the Porto Rico Mining Company was the rightful owner and holder of all the proceeds received from said sale.

That the court adjudge that the defendants, and each of them, hold in trust for the plaintiff one-fifth of all the sums received as their profits from the said Porto Rico Mining Company; that the court, by an accounting or otherwise, ascertain the full amount of all the profits derived from said mining and the full amount received from the sale of said property, and that the plaintiff have and recover of and from the defendants Ground, G. A. Barnett, Bigelow, Parsons, Clark, Borden, and the Barnett Mining Company, all such sums as have been received by them as such profits, ''and that the court make such further orders and decree in the premises as shall be deemed meet and just.''

All the defendants, with the exception of Ground, filed a demurrer to the petition, in which they set out several objections which may be stated as follows:

First: The petition does not state facts sufficient to constitute a cause of action.

Second: The petition is multifarious in that it purports to charge a cause of action against all the defendants, and seeks to set aside a contract between the plaintiff and the defendant Ground in which contract it is not alleged that the other defendants have any interest.

Third: That the petition seeks to set aside a contract between the defendants Porto Rico Mining Company and the Barnett Mining Company, and also to set aside a contract entered into by the plaintiff Ground as an individual in which none of the defendants except Ground had any interest.

Fourth: The plaintiff in his individual capacity seeks to recover against the defendant Ground, and also seeks to sue in a representative capacity as stockholder of the Porto Rico Mining Company on behalf of the said company to set aside a sale of property by the Porto Rico Company to the defendant Barnett Company.

Defendant Ground filed a separate demurrer in which he stated in substance the same reasons why the petition should be held insufficient. As stated these demurrers were sustained.

I. The petition is of great length; briefly it may be said that the plaintiff seeks to recover because of fraud practised upon him by J. W. Ground in pursuance of a conspiracy on the part of Ground and the other individual defendants named.

Misjoinder of Causes.

The plaintiff, as a stockholder in the Porto Rico Mining Company, seeks also to set aside a certain contract and conveyance made by that company to the Barnett Mining Company, and to restore the property of the Porto Rico Company which had been so conveyed.

If the plaintiff has in fact united several causes of action which under the provisions of Section 1221, Revised Statutes 1919, should not be joined in the same petition, the demurrer is well taken. Under the terms of that section a party could not sue in a representative

capacity and unite in the same suit his cause of action with a cause in his individual capacity. The seventh clause of that section provides for joining, as *one class*, different causes of action by a party in a representative capacity. The section further says that causes of action so joined must all belong to one of the classes enumerated. The two alleged causes are not in the same class.

II. Did the petition state a cause of action on the part of the plaintiff as a stockholder? It starts out with the statement that the plaintiff brings the suit on behalf of himself and other stockholders of the Porto Rico Mining Company. It sets up a deal by which the several individual defendants obtained control of the Porto Rico Mining Company and caused the property to be transferred to themselves as the Barnett Mining Company. A prayer for relief is that the contract by which the property of the Porto Rico Company was leased to the Barnett Company be canceled, and that the profits of the mining done by the Barnett Company be adjudged to belong to the Porto Rico Company.

To Sue as Stockholder.

The respondent presents arguments and quotes authorities to show that a suit of this character is on behalf of the corporation; that the plaintiff sues in a representative capacity, on behalf of himself and other stockholders similarly situated. He asks relief which would be for the benefit of himself and other stockholders.

The conspiracy charged occurred in 1914, and the contract by which the Porto Rico Mining Company lost the property to the Barnett Company was made November 10, 1914.

The allegation is that on the —— day of March, 1916, the entire property in dispute was sold by the defendants in the name of the Porto Rico Mining Company and the Barnett Mining Company. *Two days before* that sale the plaintiff had transferred his stock in the Porto Rico Company to Ground.

In order to maintain a stockholders' suit to redress grievances of a corporation, the party suing must be a stockholder *at the time the action is brought*. [14 C. J. 936-937; Meyer v. Bristol Hotel Co., 163 Mo. l. c. 68; Empire R. R. Co. v. Harton, 176 Ala. l. c. 104; Rafferty v. Donnelly, 197 Pa. St. 423.] The Alabama case puts the doctrine in this way, at page 104:

"Abstractly speaking, it is, of course, a *sine qua non* to the maintenance of such a bill that the complainant be at the time a stockholder in the corporation in behalf of which he would proceed" (citing numerous cases).

The plaintiff was not a stockholder in the Porto Rico Company at the time he filed his suit. He was not a stockholder at the time of the principal breach of which he complains, when all the property of the company was transferred.

Before he is entitled to sue as a stockholder he must first establish his status as a stockholder.

Defendants correctly assert that plaintiff cannot unite with his action as a stockholder an action to restore his status as a stockholder. Therefore we conclude that the petition states no facts which would entitle the plaintiff, as a stockholder, to recover for wrong suffered by the Porto Rico Mining Company.

III. Does the petition state a cause of action in the plaintiff's individual capacity against Ground and the other defendants? It is argued by respondents there were no sufficient allegations in the petition to show that the defendants, other than Ground, had anything to do with a transaction whereby Ground obtained the plaintiff's stock by fraudulent representations.

Individual Liability: Conspiracy.

The petition alleges that the defendants Ground, G. A. Barnett, Bigelow, Parsons, Clark, and Borden, conspired and confederated together to obtain benefits to themselves to the exclusion of the minority stockholders. In pursuance of their unlawful purpose to deprive the minority stockholders in the said Porto Rico Mining

Company, and particularly this plaintiff, of the benefits of the operations of the Porto Rico Mining Company, and acting in the name of the Porto Rico Company but *acting for themselves* under the name of the Barnett Mining Company, they entered into a contract whereby the property of the Porto Rico Company was delivered to themselves as individuals in the name of the Barnett Company, and they took possession of the property and retained the profits of it; and that on a certain day in March, 1916, "pursuant to the conspiracy aforesaid, and the purpose of *all* the said defendants to deprive the plaintiff of the benefits of ownership of his corporate stock," J. W. Ground made the false representations by which he obtained the plaintiff's stock; that J. W. Ground and his associates obtained the benefit of the transaction. The plaintiff then for relief asked to have the contract by which he transferred his stock to Ground held for naught, and that he be restored to his rights as a stockholder, and that he recover his proportion of all the profits received by the defendants, and that an accounting be had.

From this it appears that the petition clearly associates all the other individual defendants with Ground in the conspiracy to defraud the plaintiff; in pursuance of the conspiracy they got control of the property of the company by unlawful methods and perpetrated certain fraudulent acts; that Ground acting on behalf of himself and others, in pursuance of the conspiracy to defraud, made the false representations and obtained plaintiff's stock; that all the defendants received the benefits of the transaction. The plaintiff thereby states a cause of action as an individual against Ground and his associates. Whatever was done by one of the conspirators in carrying out its object was the act of all. The petition is not open to the objection that it does not connect the other defendants with Ground in the alleged fraud. Whether plaintiff was entitled to all or any of the relief prayed does not matter provided he was entitled to some relief on the facts stated.

It is argued by the defendants that the Barnett Mining Company was not a proper party to the suit. That company, it is alleged, was organized by the defendants **Parties.** for the purpose of perpetrating the fraud; property was taken in its name and the proceeds of the fraud were received by the defendants in its name. We think, therefore, that it was a proper party to that proceeding.

While the petition sets up much redundant and immaterial matter, so far as the cause of action actually stated is concerned, such matter does not state a separate cause of action and may be disregarded as surplusage.

IV. Where an attempt is made to state several causes of action, and in fact only one cause of action is stated, the petition is not mulifarious. [1 C. J. pp. 1062-**Multifariousness.** 1063; Minneapolis, Red Lake & M. Ry. Co. v. Brown, 99 Minn. 384; Whittingham v. Darrin, 92 N. Y. Supp. 752; White v. White, 132 Wis. 121, l. c. 125; Lash v. Christie, 4 Neb. 262; Hawkins v. Furnace Co., 40 Ohio St. 507, l. c. 513.] Since the petition in this case states a cause of action which the plaintiff, as an individual, has against the several defendants and fails to state facts which would authorize relief as a stockholder in the Porto Rico Mining Company, or in any other matter, there is no misjoinder of causes of action.

The judgment, therefore, is reversed and the cause remanded. All concur.