**MERCANTILE TRUST COMPANY et al., Plaintiffs-Appellants,**

v.

**CHASE HOTEL, INC., et al., Defendants-Respondents.**

No. 35035.

Missouri Court of Appeals, St. Louis District, Division Two.

April 30, 1974.

Motion for Rehearing or Transfer to Supreme Court Denied June 12, 1974.

Application to Transfer Denied July 22, 1974.

Thompson, Mitchell, Douglas, Neill, Guerri & Elbert, J. Peter Schmitz, Stanley T. Bjurstrom, St. Louis, for plaintiffs-appellants.

Morris A. Shenker, B. J. Mellman, Cordell Siegel, St. Louis, for defendants-respondents.

SMITH, Presiding Judge.

Plaintiffs appeal from the action of the trial court in dismissing their two count petition against defendants. Plaintiffs are a consortium of St. Louis banks (hereinafter referred to as Banks) which made a loan of $800,000 to the Spanish International Pavilion Foundation (Pavilion) now defunct. Pavilion Restaurant Corporation (Restaurant) was a lessee of Pavilion under a written lease. Chase Hotel Inc. (Chase) was guarantor of that lease. Pavilion executed an Assignment of Rentals to Banks covering the rentals on the lease between Pavilion and Restaurant. Restaurant and Chase in turn executed an Agreement Respecting Assignment (set out in full in the margin) [1] to Banks.

---

1. "Receipt of a copy of the above assignment is hereby acknowledged by the undersigned, and the undersigned hereby promise and agree to pay to Assignee a minimum of One Hundred Fifteen Thousand Dollars ($115,000.00) per year for a maximum of Eight years from commencement of rental payments, so long as the indebtedness above shall remain outstanding, notwithstanding the fact that a lesser amount shall be due in accordance with the terms of said lease. It is understood that no obligation arises hereunder unless and until the term of said lease commences as provided in Section 2.01 thereof. It is further understood and agreed that any prepayment on said indebtedness shall reduce the minimum rental guaranteed hereunder pro rata over the remaining period of the guarantee."

Plaintiffs' first count alleged the execution of the above indicated documents, the payment of $57,499.48 by Restaurant to Banks under the Agreement, the failure to make any additional payments, the bankruptcy of Pavilion and prayed for money judgment of $172,500.02 due as of June 30, 1971. Count II incorporated the allegations of Count I and further alleged a controversy existing between the parties as to the construction and effect of the Agreement and the liability of defendants thereunder. Plaintiffs then prayed for a declaratory judgment that defendants are liable each year to plaintiffs for $115,000 pursuant to the Agreement.

Defendants seek to uphold the court's action on three grounds—(1) Failure to join Pavilion as a defendant (2) Invalidity of the Agreement under the Statute of Frauds and (3) Failure to state a cause of action because the contract on its face shows no liability by defendants to plaintiffs.

■ Misjoinder is not a ground for dismissal of a petition. Rule 52.06, V.A.M.R. Parties may be dropped or added at any stage of the action.

■ The remaining two contentions fail to take account of the relief sought by plaintiffs in Count II. On a motion to dismiss the question is whether the well-pleaded facts and the reasonable inferences to be drawn therefrom state a cause of action. If they do, dismissal is improper. Plaintiffs have alleged a contract between the parties, a refusal by defendants to make payment under the contract and a dispute between the parties as to defendants' liability for such payments and the construction and effect of the contract.

Rule 87.02 provides that "Any person interested under . . . written contract or other writings constituting a contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status or other legal relations thereunder."

■ A contract may be construed either before or after a breach. Rule 87.03.

■ Plaintiffs have alleged a written contract, their interest therein, a dispute as to its validity, construction and effect and have prayed for a declaration of their rights thereunder. Those allegations state a cause of action for declaratory judgment. Whether the contract is invalid under the statute of frauds and whether defendants have liability under it are the very questions posed by the request for declaratory judgment. The liability of the defendants for the monetary relief sought in Count I is necessarily dependent on the determination of the validity and construction of the contract. It is not necessary that plaintiffs be entitled to all the relief for which they have prayed, if they are entitled to some relief on the facts stated. Barnett v. Ground et al., 304 Mo. 593, 263 S.W. 836 (1924) [4]. Declaration of the rights of the parties under the Agreement is relief to which plaintiffs are entitled under Rule 87.02.

Plaintiffs have stated a cause of action for declaratory relief and it was error to dismiss their petition.

Judgment reversed and the cause is remanded for further proceedings.

McMILLIAN and GUNN, JJ., concur.