R. E. O'MALLEY, Superintendent of the Insurance Department of the State, Appellant, v. GILBERT LAMB.—113 S. W. (2d) 810.

Court en Banc, February 25, 1938.

*Roy McKittrick*, Attorney General, *Drake. Watson* and *James L. HornBostel*, Assistant Attorneys General, for appellant.

*L. H. Cook* and *H. P. Lauf* for respondent.

DOUGLAS, J.—This is an action for money had and received for $29,329.35. In 1922 the then Superintendent of Insurance reduced insurance rates ten per cent. The companies brought a suit in the Circuit Court of Cole County to review the reduction order. During the period of the litigation, the companies collected the old rate under an agreement with the superintendent to return the ten per cent excess in event the reduction order was finally sustained. The reduction order was finally sustained by this court en·banc on June 23, 1926. Aetna Insurance Company v. Hyde, 315 Mo. 113, 285 S. W. 651. Thereafter the companies made certain refunds to policyholders. The Superintendent of Insurance contending that the companies had not made complete refunds brought proceedings against them asking that they be required to pay into court, with interest, the excess premiums still in their hands unrefunded. The companies resisted this action. On final hearing thereof judgment was rendered against the companies for $2,748,265.62. The companies paid the amount of the judgment into the registry of the court and were finally discharged.

Thereafter the circuit court authorized Messrs. L. H. Cook and H. P. Lauf, who had previously been appointed on December 14, 1934, as commissioners and custodians of the fund, to distribute the same to policyholders. It also appointed Mr. Gilbert Lamb, the respondent, as attorney for said commissioners and custodians.

Thereafter the court made certain allowance of fees out of the fund in court to Messrs. Cook, Lauf and Lamb. The Superintendent of Insurance resisted the making of such allowances and appealed therefrom to this court, contending that such allowances were illegal and void because made without jurisdiction. With this appeal pending and undetermined, the Superintendent of Insurance brought this suit against Mr. Lamb in the Circuit Court of Cole County to recover back $29,329.35 representing allowances of fees made to him out of the fund in question. It is apparent, without discussion, that the validity of the allowances to Mr. Lamb was pending on appeal in this court when the case at bar was brought against him to recover back such allowances. The case on appeal and the case at bar are between the same parties, involve the same issues, and depend upon the same facts for determination.

The case at bar went on change of venue to the Circuit Court of Osage County where a plea in abatement was sustained and the cause dismissed.

It is settled law that a prior pending action between the same parties and involving the same issues will abate a later like action. The law abhors a multiplicity of suits. The later action is deemed unnecessary and therefore vexatious and oppressive.

The trial court's judgment abating the action should be affirmed. It is so ordered. All concur except Hays, C. J., absent.