Josephine **BREWER**, Appellant,

v.

Robert **BREWER**, Respondent.

No. 40078.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 24, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 15, 1978.

Edward J. Delworth, Overland, Joseph J. Schmidt, Jr., Kirkland, for appellant.

Albert George Beyer, St. Louis, for respondent.

SMITH, Judge.

Plaintiff appeals from the order of the trial court dismissing her amended petition for declaratory judgment. We reverse and remand.

In 1969 the parties, then married, entered into a stipulation agreement which provided that if plaintiff was granted a divorce from defendant she would receive, as and for statutory alimony, $300 per month for so long as plaintiff should live and not remarry but in no event longer than July 31, 1981. In 1970 the Circuit Court granted a divorce to *defendant* on his cross-bill after plaintiff dismissed her petition. That decree provided that "plaintiff have and recover of the defendant, as and for her alimony, the sum of $300 per month, . . . so long as plaintiff shall live and not remarry and so long as defendant shall live, but in no event shall said payments last longer than July 31st, 1981 . . . .. Stipulation refiled."

In 1975 plaintiff instituted a garnishment proceeding to recover past due monies from defendant pursuant to the divorce decree. Upon defendant's motion to quash the execution and garnishment because the award was contractual and not decretal, the court ordered the execution and garnishment quashed. Plaintiff then filed her petition in this case to enforce the contractual obligations of defendant. The petition was subsequently amended to seek a declaratory judgment declaring the rights of the parties under the stipulation agreement, and praying a judgment for the amount found due to plaintiff pursuant to the agreement. Upon motion of defendant, the trial court dismissed the amended petition "for failure to state a claim showing plaintiff entitled to relief." It is from this order that plaintiff appeals.

On appeal defendant has argued the merits of the claim made by plaintiff under the stipulation. That is not a matter for our consideration. Rule 87.02 provides that "Any person interested under a . . . written contract or other writings constituting a contract . . . may have determined any question of construction or validity arising under the . . . contract . . . . and obtain a declaration of rights, status or other legal relations thereunder."

On a motion to dismiss the petition for declaratory judgment, the question to be decided is not whether plaintiff is entitled to the particular declaration and relief she seeks, but whether the petition sets forth averments entitling her to a declaration of rights at all. *City of Creve Coeur v. Creve Coeur Fire Pro. Dist.*, 355 S.W.2d 857 (Mo.1962) [2–6]. If the averments are sufficient to show the propriety of declaratory relief, it is improper to dismiss the petition. *Mercantile Trust Co. v. Chase Hotel, Inc.*, 510 S.W.2d 807 (Mo.App.1974).

Here plaintiff has alleged a stipulation agreement, the entry of a decree of divorce, the order of the court directing payment of alimony in accord with the stipulation, the existence of a dispute between the parties concerning their rights under the stipulation agreement, and as a result of that disagreement that defendant has failed to make payments pursuant to the agreement. Upon these averments, plaintiff is entitled to a declaration of her rights under the stipulation agreement. Such a declaration might, of course, include a finding that she has no rights under the agreement.

Order of dismissal reversed and cause remanded for further proceedings.

CLEMENS, P. J., and CRIST, J., concur.