**Melvin Leroy TYLER, Appellant,**

v.

**Milt HARPER, Sheriff Charles Foster, and Channel 8 T.V., Respondents.**

**No. WD 34475.**

Missouri Court of Appeals,
Western District.

Feb. 28, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 1, 1984.

Application to Transfer Denied Sept. 11, 1984.

Melvin Leroy Tyler, pro se.

Earl F. Seitz, Columbia, for respondents Harper and Foster.

Ted D. Ayres, Columbia, for respondent Channel 8 T.V.

Before SOMERVILLE, P.J., and NUGENT and LOWENSTEIN, JJ.

SOMERVILLE, Presiding Judge.

Plaintiff, acting pro se, filed a petition for declaratory relief, compensatory and punitive damages under 42 U.S.C. § 1983. The prosecuting attorney of Boone County, the Sheriff of Boone County, and "Channel 8 T.V., Columbia, Missouri", were named as defendants. A motion to quash service on "Channel 8 T.V.", on the ground that it was not a legal entity capable of being sued, was sustained by the trial court. Pursuant to a motion filed by the remaining defendants, the trial court dismissed plaintiff's petition "for failure to state a cause of action." Plaintiff appeals.

Plaintiff alleged in his petition that defendants collectively engaged in a public expose of plaintiff to subject him to ridicule in retaliation for a lawsuit he filed to compel Boone County to provide a law library for prisoners. Further, that the expose portrayed him "as a troublemaker", a "thorn in the taxpayers' side", a "thorn in the side of Boone County officials", and a person who demanded "special treatment". Finally, with specificity, that defendants' conduct constituted a deprivation of his rights under Article I, §§ 2, 10, 14 and 21, *Constitution of Missouri*, and "§ 558.110, RSMo." [1] The petition makes no reference to any federal constitutional provisions or federal statutes purportedly violated.

The requisite elements of a cause of action under 42 U.S.C. § 1983 are that the conduct complained of subjected complainant to a deprivation of rights, privileges or immunities *secured by the Constitution and laws of the United States* and that the conduct complained of was done

1. It appears that plaintiff was citing § 558.110, RSMo 1969, making "oppression in office" a misdemeanor.

by a person acting under color of law. *Jennings v. Davis*, 476 F.2d 1271, 1275 (8th Cir.1973); *Jones v. Hopper*, 410 F.2d 1323, 1326 (10th Cir.1969), cert. denied, 397 U.S. 991, 90 S.Ct. 1111, 25 L.Ed.2d 399 (1970); and *Basista v. Weir*, 340 F.2d 74, 79 (3d Cir.1965). Violations of state law alone do not give rise to a cause of action under 42 U.S.C. § 1983. *Ortega v. Ragen*, 216 F.2d 561 (7th Cir.1954), cert. denied, 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268 (1955). In determining whether a 42 U.S.C. § 1983 petition will withstand a motion to dismiss for failure to state a cause of action, the petition is viewed favorably to the pleader and he is given the benefit of every reasonable intendment. *Tyler v. Whitehead*, 583 S.W.2d 240, 242 (Mo.App.1979). Even greater liberality is indulged in favor of a pro se petitioner in determining whether his petition states a cause of action under 42 U.S.C. § 1983. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir.1982).

■ The case at bar poses a critical question. When does the indulgence of liberality in construing a pro se petition under 42 U.S.C. § 1983 transcend legitimate bounds and put a court in the role of an advocate? Even a liberal construction of the instant petition cannot transpose alleged violations of Missouri constitutional provisions and state law into allegations of requisite federal character. In order to construe plaintiff's pro se petition as stating a cause of action under 42 U.S.C. § 1983, this court would have to delete all references to the Constitution of Missouri and "Section 558.110 RSMo." and summarily interpolate, by a process of conjectural comparison, federal constitutional provisions and federal statutes. Doing so would entail rewriting the petition rather than merely giving it a liberal construction. Concomitantly, doing so would require this court to depart from its inexorable role as an impartial arbiter and assume an adversarial role. The very essence of judicial integrity is compromised when judges abdicate their role as impartial arbiters and assume the role of an advocate for parties. This court is constrained to hold that even under the most liberal construction, plain-

tiff's pro se petition failed to state a cause of action under 42 U.S.C. § 1983.

Plaintiff also complains that before the trial court sustained the motion to quash service on "Channel 8 T.V.", he filed a motion to have "KOMU T.V. Columbia, Missouri" substituted as a party defendant in its place, which motion was never ruled. Suffice it to say, the trial court's failure to rule said motion has become moot, in view of this court's holding that plaintiff's petition failed to state a cause of action.

Judgment affirmed.

All concur.