**STATE of Missouri, ex rel., Francesca PARKER, individually and Francesca Parker, as mother and next friend for Frank Joseph Parker, a minor, Relator,**

**v.**

**The Honorable George ADOLF, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.**

**No. 52456.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 24, 1987.

Thomas O. Falb, Williamson, Webster, Groshong, Moorman & Falb, Alton, Ill., for relator.

Jeffrey K. Suess, Evans & Dixon, St. Louis, for respondent.

SNYDER, Chief Judge.

Relator Francesca Parker, plaintiff in the underlying action, individually and as mother and next friend of Frank Joseph Parker, a minor, has filed a petition for a writ of mandamus. Relator seeks to have this court command the respondent trial judge to withdraw his order which granted defendant, M. Aron Corporation's motion to quash service of process and dismiss Aron from the underlying action. Relator further petitions this court to order the respondent judge to assume jurisdiction over Aron. We issued a preliminary order in mandamus which we now quash as improvidently granted.

The facts are these. Francesca Parker brought suit against Target Stores, M. Aron Corporation, and the Washington Garter Corporation based on strict liability in tort. Plaintiff, the relator here, alleged that the minor child, Frank Joseph Parker, sustained injuries for which he now claims damages when suspenders he was wearing caused an injury which resulted in the loss of sight in his right eye. The suspenders were purchased from a Target store in St. Louis County.

Defendant Aron, a New York Corporation, filed a motion to dismiss claiming it was not amenable to suit in the State of Missouri. Aron is a distributor of suspenders manufactured by the Washington Garter Corporation and allegedly sold the offending suspenders to the Dayton-Hudson Corporation, the parent company of Target Stores. Aron has no office in the State of Missouri and claims that any contract for the sale of the suspenders to Dayton-Hudson was made either in Minnesota or New York.

Relator contends that M. Aron Corporation had sufficient minimum contacts with the State of Missouri to enable the state constitutionally to subject it to jurisdiction under the Missouri Long Arm Statute. Section 506.500 RSMo. 1986. The respondent judge, based on the pleadings and an affidavit filed by M. Aron Corporation, concluded that he did not have jurisdiction and granted Aron's motion to quash service and dismiss Aron from the action. We issued a preliminary order in mandamus commanding the respondent trial judge to withdraw his order quashing service and dismissing the action against Aron. We now quash our preliminary order as improvidently granted.

Mandamus is one of the most powerful writs a court can issue. *State ex rel. Scott v. Sanders*, 560 S.W.2d 899, 902 (Mo.App. 1978). It is an order issued to compel the performance of an act which is already required by law, the performance of which has been refused. *State ex rel. Sprague v. City of St. Joseph*, 549 S.W.2d 873 (Mo. banc 1977); *State ex rel. Pisarek v. Dalton*, 549 S.W.2d 904 (Mo.App.1977). The function of the writ is to enforce, not to establish a claim or right. To warrant the use of mandamus, there must be an existing, clear, legal and unconditional right in

relator and a corresponding unconditional duty in respondent. *Id.*

The relator asks us to order the respondent trial judge to set aside his order quashing service and dismissing the cause of action against M. Aron Corporation for lack of jurisdiction; and to enter an order denying Aaron's motion to quash service and to dismiss.

Relator is seeking to establish a claim against defendant Aron, and not to enforce a right which is existing, clear, legal, and unconditional. Although mandamus has been used to compel circuit judges to take various actions, the writ is discretionary with this court. *State ex rel. Cassilly v. Riney,* 576 S.W.2d 325, 328 [2] (Mo. banc 1979). We choose to exercise that discretion by quashing our preliminary order.

The record does not disclose that Aron clearly and unquestionably had sufficient minimum contacts with the State of Missouri which would justify subjecting it to the jurisdiction of Missouri courts. There was nothing before the trial court which disclosed the point of origin of the shipment of suspenders to the St. Louis County Target Store from which they were purchased, or which showed that Aron committed a tortious act in the State of Missouri. The respondent trial judge, therefore, properly could have found that Aron did not have sufficient minimum contacts with Missouri to support the court's jurisdiction.

All of relator's points relied on and arguments are directed to the long arm service statute and the question whether Aron had sufficient minimum contacts with Missouri to subject it to the jurisdiction of Missouri courts. On the record the respondent trial judge could have found there were insufficient minimum contacts. An extended discussion of the cases relating to long arm service and the minimum contacts necessary to establish jurisdiction would have no precedential value. It is only necessary to say that the record does not disclose that Aron is clearly and unquestionably subject to the jurisdiction of Missouri courts.

Relator also contends that the respondent trial judge erred in not allowing relator to direct jurisdictional interrogatories to the M. Aron Corporation. The request to file the interrogatories was made on the very day that the respondent granted the motion to quash and dismiss. Because relator had ample time prior to that day to file such interrogatories if she had so desired, respondent's refusal was not such an error as to justify this court's exercise of its power of mandamus.

Our preliminary order in mandamus is quashed as improvidently granted.

SMITH, J., concurs.

CARL R. GAERTNER, P.J., dissents in separate opinion.

CARL R. GAERTNER, Presiding Judge, dissenting.

I respectfully dissent. Plaintiff's petition alleges that defendant Aron Corporation sold and supplied the allegedly defective products to defendant Target for resale in Missouri. On or about September 3, 1986, defendant Aron filed its motion to dismiss alleging generally that it was not subject to the jurisdiction of Missouri courts. On October 9, 1986, this motion was supported by an affidavit alleging only that defendant Aron was a New York corporation, that it had no office or employees in Missouri, that any contract to sell suspenders would have been made in Minnesota or in New York and that it was not a party to any contract made in Missouri to sell suspenders. Eighteen days later the motion to dismiss was heard and sustained. At this hearing relator was denied the opportunity to file interrogatories pertaining to facts relating to jurisdiction.

Once jurisdiction is challenged by a defendant the burden of establishing jurisdiction is upon the plaintiff. Here, the allegations of plaintiff's petition, if true, are sufficient. Plaintiff was denied the opportunity to prove the truth of her allegations through interrogatories which might provide admissions that defendant Aron directed the shipment of the allegedly defective products to Missouri for retail sale. The affidavit supporting defendant's motion to dismiss does not deny its involvement in the stream of commerce through which the

product moved from manufacture in New York to sale in Missouri. I believe the respondent's refusal to permit the filing of interrogatories seeking information which might tend to prove the undenied allegations of the petition was an abuse of discretion warranting the issuance of our writ. *See State ex rel. Deere and Co. v. Pinnell,* 454 S.W.2d 889 (Mo.banc 1970).

Since Rule 57.01(a) allows twenty days in which to answer interrogatories, I do not believe eighteen days after the affidavit was filed is ample time in which to have filed interrogatories.

Accordingly, I must dissent.