Donna Marie McNAUL, Plaintiff,

v.

**KANSAS POWER AND LIGHT COMPANY, d/b/a KPL Gas Service, Respondent,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.**

No. WD 40001.

Missouri Court of Appeals, Western District.

Feb. 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

Application to Transfer Denied June 13, 1989.

Richard E. McLeod, Jeffrey D. Slattery, Kansas City, Steve R. Fabert, Topeka, Kan., for appellant.

Michael E. Waldeck, William J. De-Bauche, Kansas City, for respondent.

Before KENNEDY, C.J., and MANFORD and BERREY, JJ.

KENNEDY, Chief Judge.

United States Fidelity and Guaranty Company appeals from a garnishment judgment which holds it liable upon its Owners, Landlords and Tenants liability insurance policy for the payment of a judgment against the insured Reco Properties, Incorporated.[1]

The judgment sought to be collected from the insurance company runs in favor of Kansas Power & Light Company, d/b/a KPL Gas Service, third party plaintiff (garnishor in the case before us) against third party defendant Reco Properties, Incorporated, which is the alleged insured in the USF & G policy, in the amount of $1 million. The insurance policy was in the face amount of $1 million. The original judgment against KPL (for $4.5 million) was for personal injuries and death of Donna McNaul and John McNaul, respectively, caused by an explosion on October 15, 1984, at the 18731 unit of a duplex located at 18731–33 Black Hawk Trail, Independence, Missouri. The house was owned by Reco Properties, Incorporated, the alleged insured under the USF & G policy, and was served by KPL with natural gas.

The facts relating to the coverage of the policy are as follows:

Robert E. Cole in December, 1983, secured from USF & G Company an Owners, Landlords and Tenants general liability insurance policy covering 12 separate properties described by character of property and by address. The properties were owned variously by Robert E. Cole and his wife;

---

1. *See* Sec. 379.195, RSMo 1986. KPL did not proceed by an equitable garnishment action as provided in Sec. 379.200, RSMo 1986, but by the classic garnishment proceeding provided by Supreme Court Rule 90 and Chapter 525, RSMo 1986. *See Lajoie v. Central West Casualty Co. of Detroit, Mich.,* 228 Mo.App. 701, 71 S.W.2d 803, 812–14 (1934).

by Robert E. Cole and others; and by Reco Properties, Inc. Reco Properties, Inc., was a corporation wholly owned by Cole, or by him and his wife. The insurance policy, however, was issued to Reco Properties, Inc., only, as "named insured". The policy period was December 14, 1983, to December 14, 1984.

One of the properties listed on the policy was a "two family dwelling" at "18732–33 Black Hawk Trail" in Independence. There was in fact no such address. There was a duplex with the number "18730–32" on the north side of the street named "Black Hawk Trail", and, across the street on the south side, there was a similar duplex with the number "18731–33".

Reco owned neither of these duplexes when the insurance policy was applied for and issued in December, 1983. The title to the 18730–32 duplex, on the north side of Black Hawk Trail, was in Robert E. Cole and his wife, Ruth Cole. The title to the 18731–33 duplex, on the south side of the street, where the explosion occurred in the 18731 unit, was in Gary and Diane Cashion. Reco had a second mortgage on 18731–33 and this mortgage was in default in December, 1983. Reco would later become the owner of this property and would be its owner when the explosion occurred on October 15, 1984. It was several months after securing the insurance, however, that Reco initiated foreclosure proceedings, and a foreclosure sale was conducted only on September 14, 1984. Reco bought 18731–33 at the foreclosure sale, and a trustee's deed was executed to Reco under date of September 21, 1984.

Twenty-four days after Reco had succeeded to title to 18731–33 by the trustee's deed, the explosion occurred at 18731 which resulted in the death of John McNaul and serious injuries to Donna McNaul, John's wife, who had rented the property from Reco and were in the process of moving in, with their children.

KPL and Reco, in seeking to subject the USF & G policy proceeds to the payment of KPL's third-party judgment against Reco, maintain that the property *intended* to be covered by the policy was 18731–33, where

the explosion occurred; that 18731–33 was omitted by mutual mistake, and the non-existent 18732–33 was written into the policy by mutual mistake. On that ground KPL in the garnishment proceeding requested a reformation of the policy to conform to the actual agreement of the parties. The issue of mutual mistake was submitted by the trial court to an advisory jury, who found the issue in favor of KPL and against USF & G. The advisory jury's finding on this issue was adopted by the court and judgment of reformation rendered thereon.

The loss was found by the trial court also to be covered by the policy as written, without reformation, on the ground that 18731 was at the time of the explosion "an after acquired property subject to coverage under the policy." We have determined that the trial court was correct in this holding, and we find it unnecessary to deal with the subject of reformation of the policy for alleged mutual mistake.

■ The policy contained the following provision: " '[I]nsured premises' means ... premises as to which the Named Insured acquires ownership or control and reports his intention to insure such premises under this policy and no other within 30 days after such acquisition...."

The effect of the foregoing provision was automatically to extend coverage of the policy for 30 days to any property to which Reco newly acquired title. *Hall v. Weston*, 323 S.W.2d 673, 676–77 (Mo.1959); *Missouri Managerial Corp. v. Pasqualino*, 323 S.W.2d 244, 249 (Mo.App.1959); *Union Automobile Indemnity Ass'n v. Reimann*, 171 S.W.2d 721, 726 (Mo.App.1943); Annot., Construction and Application of "Automatic Insurance" or "Newly Acquired Vehicle" Clause ("Replacement," and "Blanket," or "Fleet" Provisions) Contained in Automobile Liability Policy, 39 A.L.R. 4th 229 (1985).

Missouri is among the majority of jurisdictions which hold that clauses essentially similar to the one found in this policy, which we have quoted above, make the owner's notice of the new acquisition of property a condition subsequent to cover-

age (not a condition precedent thereto); and the policy automatically provides coverage to the newly acquired property during the notice period. *See* Annot., 39 A.L.R. 4th at 302–306.

The cases we have cited above deal with automobile liability policies but there is no reason the principle should not apply equally to property liability policies of the kind we have before us. *See Vanderzanden Brothers, Inc. v. Mutual of Enumclaw Insurance Co.*, 601 P.2d 889, 891 (Or.App. 1979).

■ USF & G maintains, though, that the issue of coverage under the newly acquired property clause was not presented by the pleadings in the case, comprised of garnishor KPL's interrogatories, garnishee USF & G's answers thereto, and KPL's exceptions to garnishee's answers, and USF & G's responses to KPL's exceptions. *See* Rule 90.13. We find, however, that KPL's claim of coverage contained in its exceptions to garnishee USF & G's answers is broad enough to include a claim of coverage under the policy provision for automatic coverage of newly acquired property, without specifically pointing to that provision in the exceptions. Even if that were not so, the issue was tried by express or implied consent of the parties. *See* Rule 55.33(b). USF & G in its trial brief filed with the trial court the first day of the trial anticipated the automatic coverage claim. The matter was also gone into in the testimony without objection from either party. The issue was therefore in the case and it was proper for the trial court to make findings of fact and declarations of law with respect thereto, and to render judgment thereon.

■ USF & G claims that the court erred in denying its "motion to quash garnishment" on the stated ground that there was "another action pending between the same parties for the same cause in this state", citing Rule 55.27(a)(10). Suggestions in support of said motion advised the trial court that there was pending in the United States District Court for the Western District of Missouri at St. Joseph a declaratory judgment action instituted by USF & G, in which KPL had intervened, which antedated the garnishment proceeding and presented the same issues as those presented by the garnishment, namely, whether USF & G furnished coverage to Reco under USF & G's Owners, Landlords and Tenants policy (or under a homeowners policy not involved in this appeal).

The trial court overruled this motion to quash, and its action is claimed by USF & G to have been in error.

We hold, however, that the trial court acted correctly in denying USF & G's motion to quash. The issue is ruled by the principle stated as follows in 1 C.J.S., *Abatement and Revival*, § 53 (1985): "As a general rule, the pendency in a federal court of a personal or transitory action, although between the same parties and for the same cause of action or relief, is not ground for abating a subsequent action in a state court." The leading case on the subject is *Kline v. Burke Construction Company*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922); *see also Inter–Southern Life Insurance Co. v. McQuarie*, 148 Ga. 233, 96 S.E. 424 (1918).

USF & G's motion in abatement in the state court garnishment action recited that the federal court pleadings were attached thereto as exhibits, but they have not found their way into the record before us. From the motion in abatement and the trial court briefs in support thereof and in opposition thereto, and from the parties' briefs in this court, it appears that the federal court action was a declaratory judgment action filed by USF & G seeking a declaration whether its policy covered the loss in question. KPL was not originally a party to the action but was allowed to intervene. Presumably KPL's petition in intervention presented its claim that the policy covered the loss in question. If it had prevailed in federal court on that issue, as it has prevailed in the state court garnishment action, it could have had judgment against USF & G upon its third-party judgment against Reco in the $1,000,000 face amount of the policy. *See* 28 U.S.C.A. § 2202 (West 1982); *Texasteel Manufacturing Co.*

...

*v. Seaboard Surety Co.*, 158 F.2d 90, 91 (5th Cir.1946).

The federal court proceeding we have described was an in personam action, not an in rem action. A declaratory judgment action brought by an insurance company to determine whether its policy affords coverage for a loss has been held to be in personam. *Guardian Life Insurance Co. of America v. Kortz*, 151 F.2d 582, 585 (10th Cir.1945); *Firemen's Fund Insurance Co. v. Crandall Horse Co. of Buffalo, N.Y.*, 47 F.Supp. 82, 84 (W.D.N.Y.1942); *Carpenter v. Edmonson*, 92 F.2d 895, 897 (5th Cir.1937). KPL's claim in the federal court action, looking past its form to its substance, ultimately sought a personal judgment against USF & G for a sum of money collectible from any USF & G property which might be accessible to levy of execution, without limitation to a particular fund or item of property. That is by definition an in personam action, as against an in rem action which is directed at a particular property or fund. *See* 1 Am.Jur.2d *Actions* §§ 39–40 (1962); *Ackerman v. Tobin*, 22 F.2d 541, 544–46 (8th Cir.1927).

Finally, USF & G maintains that the trial court had no "subject matter jurisdiction" to enter the judgment against it because the service of the notice of garnishment upon the superintendent of insurance was ineffectual, and this want of jurisdiction could not be waived by USF & G by entry of appearance and participation in the trial without challenge to the jurisdiction. USF & G says that this case does not fall within those classes of cases where service of process upon the director, deputy director or chief clerk of the Division of Insurance is authorized by Sec. 375.906.2, RSMo 1986. It says that KPL was attempting service under that statute.

USF & G is looking at the wrong statute. The applicable statute is Sec. 525.050, RSMo 1986, which specifically provides that "[n]otice of garnishment ... may be served ... on insurance companies not incorporated by or organized under the laws of this state, by delivering the same, or a copy thereof, to the director of the division of insurance". The service of the notice of garnishment upon the director of the Division of Insurance (formerly the superintendent of insurance) was perfectly valid and effectual to obtain personal jurisdiction of USF & G and jurisdiction of the subject matter of the garnishment proceeding.

The judgment is affirmed.

All concur.

