STATE, ex inf. Albert RIEDERER, Jackson County Prosecuting Attorney, ex rel., PERSHING SQUARE REDEVELOPMENT CORPORATION, Relator–Appellant,

v.

Robert COLLINS, Director of City Development, City of Kansas City, Missouri, Defendant–Respondent.

No. WD 43143.

Missouri Court of Appeals, Western District.

Nov. 27, 1990.

---

Paul E. Vardeman, Michael T. White, Aaron G. March, Kansas City, for relator-appellant.

William G. Levi, David F. Oliver, N. Louise Ellingsworth, Kansas City, for defendant-respondent.

Before LOWENSTEIN, P.J., and SHANGLER and MANFORD, JJ.

LOWENSTEIN, Presiding Judge.

The appellant-relator, Pershing Square Redevelopment Corp., ("Pershing") appeals the trial court's dismissal of its petition for writ of mandamus.

Although Pershing raises several points on appeal, the dispositive issue is whether the trial court properly granted the respondent's motion to dismiss.

■■■ The convoluted factual and procedural posture of this case merits an introductory explanation. This litigation grows out of Pershing's contract with Kansas City (City) to redevelop Union Station and the surrounding area. In general, mandamus is an extraordinary remedy effective to compel performance of a particular act by one who has an unequivocal duty to perform the act. *See, State ex rel. Casey's General Stores v. City Council of Salem,* 699 S.W.2d 775, 776 (Mo.App.1985). Furthermore, the right petitioner seeks to enforce must be clearly established and presently existing. *State ex rel. Patterson v. Tucker,* 519 S.W.2d 22, 24 (Mo.App.1975). Although, Riederer is a named party-appellant, he has no part in this appeal.

Pershing's petition for mandamus is one of the final acts in a complicated series of acts between the City of Kansas City and Pershing. In July 1974, Pershing submitted to the City Clerk a redevelopment plan for the area located generally north of Pershing Road between Grand Avenue and Broadway. In December 1974, the City Council passed an ordinance approving Pershing's plan and authorized the Director of Finance to contract with Pershing. Between May 1978 and January 1985, Pershing asked the City Council to approve four amendments to the original contract. These amendments generally modified construction schedules and placement of buildings. They were approved.

In September 1988, apparently frustrated by what it considered to be Pershing's lack of progress, the City filed suit against Pershing alleging a default under the terms of the Development Plan and Contract regarding the rehabilitation and reconstruction of Union Station. Pershing maintains this suit was filed in violation of the Code of General Ordinances of Kansas City ("CGOKC") 36.25.[1]

In October 1988, after the Union Station suit had been filed, the City applied for a hearing before the City Plan Commission on the issue of default. In November 1988, the application for hearing was taken up. Pershing appeared, objecting that the proceedings were illegal because the Union Station suit had already been filed without the required hearing.

In December 1988, the City Council passed a formal resolution declaring Pershing to "be in default of its duties and obligations under the development plan and contract, as amended ..." The report of the City Development Commission, upon which the resolution was based, stated that the scope of the hearing did not "extend beyond the question of default in Phase I ..."

In October 1989, Pershing filed yet another application for approval of amendments to the Redevelopment Plan and Contract. This amendment would have extended the time of performance of Phases II through V. In November 1989, respondent Collins, Director of City Development, informed Pershing that he removed Pershing's application from the City Plan Commission's agenda because it had been declared in default.

Later that month, Pershing filed this petition for writ of mandamus to compel Collins to place its application on the City Plan Commission's agenda. The trial court granted a preliminary writ, but then dissolved that order and granted Collins' motion to dismiss.

---

**1.** Section 36.25 CGOKC requires the following prior to commencing a proceeding to enforce performance under the Plan and the Contract, as amended:

  (a) that a hearing be held before the City Plan Commission regarding an alleged default under the terms of the Contract and that the conclusion of default be certified to the City Council; and

  (b) that the City Council pass a formal resolution of default authorizing the commencement of an action in Circuit Court.

The scope of review for a motion to dismiss requires an examination of plaintiff's petition, allowing the petition its broadest intendment, treating all facts alleged as true, and construing the allegations favorably to plaintiff to determine whether they invoke principles of substantive law. *Gaines v. Monsanto*, 655 S.W.2d 568, 570 (Mo.App.1983). This court is not required, however, to accept petitioner's conclusions as true. *Counts v. Morrison–Knudsen, Inc.*, 663 S.W.2d 357, 360 (Mo.App.1983). If the trial court does not specify reasons for dismissal, the reviewing court may assume the trial court acted for one or more of the grounds asserted in defendant's motion to dismiss. *Terre Du Lac Ass'n v. Terre Du Lac, Inc.*, 737 S.W.2d 206, 211 (Mo.App.1987). Because the trial court did not state why it granted the dismissal, this court must affirm the trial court's dismissal if any ground asserted in defendant's motion is valid. *Id.*

Because the relator's factual allegations are taken as true, this court must examine the petition. Significant facts are as follows:

Relator (plaintiff-Pershing) is a Missouri urban redevelopment corporation established under Chapter 353 of the Revised Statutes of Missouri and is duly licensed to conduct business in Missouri; Respondent Collins is now and was at all material times Director of City Development of the City of Kansas City, Missouri, and is an administrative officer under the charter and ordinances of Kansas City, Missouri; in July 1974, Pershing Square Redevelopment Corporation ("Pershing") filed with the City Clerk of Kansas City, Missouri, an application for approval of a development plan ("Development Plan") providing for the construction of a redevelopment project in Kansas City, Jackson County, Missouri; in December 1974, the City Council of Kansas City, Missouri, ("City Council") passed an ordinance approving the application and Development Plan and also authorized and directed the Director of Finance to enter into a contract with Pershing; in December 1974, Pershing and the Director of Finance executed a contract; in May

1978, Pershing filed with the City Clerk an application for approval of certain amendments to the Development Plan; in July 1978, the City Council passed an ordinance approving Pershing's application and amendments ("First Amended Development Plan"); in May 1983, Pershing filed with the City Clerk an application for approval of amendments to the First Amended Development Plan; in September 1983, the City Council passed an ordinance approving the application and amendments to the First Amended Development Plan ("Second Amended Development Plan"); in March 1984, Pershing filed with the City Clerk an application for approval of amendments to the Second Amended Development Plan; in August 1984, the City Council passed an ordinance approving the application and amendments to the Second Amended Development Plan ("Third Amended Development Plan"); in October 1984, Pershing filed with the City Clerk an application for approval of amendments to the Third Amended Development Plan; in January 1985, the City Council passed an ordinance approving the application and amendments to the Third Amended Development Plan; in September 1988, the City of Kansas City, Missouri, filed suit in the Circuit Court of Jackson County, Missouri, against Pershing, among others, alleging a default under the terms of the contract and all of its amendments; the City's action did not follow procedures set forth in § 36.35 of the Code of General Ordinances of Kansas City ("CGOKC") before filing suit; in November 1988, the City Plan Commission heard the issues of Pershing's alleged default and its performance under the Fourth Amended Development Plan and Fourth Supplemental Contract; in December 1988, Resolution No. 63433, came for hearing before the City Council; pursuant to Resolution No. 63433, the City Council declared Pershing to "... be in default of its duties and obligations under the Development Plan and Contract, as amended ...;" in October 1989, Pershing filed with the City Clerk an application for approval of

amendments to the Fourth Amended Development Plan ("Application for Fifth Amended Development Plan") pursuant to § 36.10 CGOKC;[2] Relator has complied in all respects with the requirements and provisions of § 36.10 CGOKC; there is no discretion on the part of Respondent Collins about scheduling Relator's Application for Fifth Amended Development Plan for hearing before the Redevelopment Coordinating Committee and the City Plan Commission; in November 1989, Respondent Collins informed Pershing that its Application for Fifth Amendment to the Development Plan and Contract was removed from consideration by the City Plan Commission because Resolution No. 63433 declared Pershing in default "under the Development Plan and Redevelopment Contract, as amended;" Resolution No. 63433 only declares Phase I in default.

Pershing's petition included the following legal conclusions:

that the City's act of filing suit against Pershing alleging default under the Redevelopment Plan and Contract was illegal and void because it did not first follow procedure set forth in § 36.25 of CGOKC; that the decision of respondent to cancel the Redevelopment Coordinating Committee meeting and remove from consideration Pershing's application for Fifth Amended Development Plan from the City Plan Commission agenda was unlawful, unreasonable, arbitrary, capricious and involved an abuse of discretion; that Resolution No. 63433 was void *ab initio* since it was passed after the City filed suit alleging that relator was in default of the Plan and Contract; Respondent's actions in denying relator a hearing pursuant to Chapter 36 CGOKC on its application for Fifth Amended Development Plan was arbitrary, capricious

and an abuse of discretion in that Resolution No. 63433 is void.

This court deems the dispositive issue on appeal to be whether respondent Collins presented to the trial court sufficient reasons to justify dismissal of Pershing's petition for mandamus. Because the trial court issued no findings of fact or conclusions of law, this court must assume the motion to dismiss was granted on the basis of one or more grounds asserted in respondent's motion.

Respondent argued relator's petition should be dismissed for three reasons:

a. Relator has no existing, clear, unconditional legal right to the action requested since Relator's development plan is now in default and, therefore, not in a position to be amended. Because further action by the Redevelopment Coordinating Committee and the City Plan Commission is not appropriate under the circumstances, Respondent is not under a present, imperative, unconditional duty to act as requested by Relator, and so mandamus is not available to Relator.

b. The issue Relator seeks to litigate in this petition is currently the subject of pending litigation in Case No. CV88–24595 before the Honorable Forest W. Hanna and, therefore, the petition should be dismissed pursuant to Missouri Supreme Court Rule 55.27(a)(10) to avoid duplicative and potentially contradictory adjudications involving the same parties and subject matter.

c. Relator has failed to comply with the requirements of Missouri Supreme Court Rule 94.03, since it failed to file suggestions in support of its petition for a writ of mandamus as required by that rule.

■ If the motion to dismiss is based on allegations that require the trial court to consider matters outside the plaintiff's peti-

---

**2.** Section 36.10 CGOKC states in material part as follows:

The city plan commission *shall* review any amendment to a development plan, previously approved by ordinance, and make its recommendations accordingly to the city council. No such amendment shall be reviewed by the commission unless and until an application has

been filed with the city clerk by the corporation or its assignee containing those portions of the statements and information required by section 36.7 relevant to the proposed amendment, and unless and until the commission shall make the determinations required by section 36.8 relevant to the proposed amendment ... [emphasis added]

tion, then these particular allegations will not be considered on appeal because they are improper grounds for a motion to dismiss under Rule 55.27(a). Such allegations are more appropriate in a motion for summary judgment. *Terre Du Lac Ass'n v. Terre Du Lac, Inc., supra,* 737 S.W.2d at 216; *Ebling v. Hardesty,* 354 S.W.2d 348, 350 (Mo.App.1962) (when defendant makes contentions that cannot be substantiated by looking at plaintiff's petition, then motion to dismiss should not be granted.)

This court is in a quandary because the record on appeal lacks facts that would be helpful in determining the outcome. The record is sparse and contains only the relator's petition, the respondent's motion to dismiss, and the trial court's order sustaining the motion. Both sides allege many pertinent facts in their appeal briefs, but these allegations cannot be considered on appeal. *Kummer v. Cruz,* 752 S.W.2d 801, 809 (Mo.App.1988).

■ In the first sentence of his first ground for dismissal, the respondent essentially alleges that relator does not meet one of the elements of mandamus. Specifically, Collins alleges that because Pershing has been declared in default, it has no clearly established, presently existing right to compel him to place relator's application for approval of its Fifth Amended Development Plan on the City Plan Commission's agenda. Whether a petitioner's right to mandamus is clearly established and presently existing is determined by examining the statute or ordinance under which petitioner claims the right. *See, State ex rel. Patterson v. Tucker,* 519 S.W.2d at 25; *State ex rel. Brentwood School District v. State Tax Commission,* 589 S.W.2d 613, 614 (Mo.banc 1979); *State ex rel. Lovell v. Tinsley,* 241 Mo.App. 690, 236 S.W.2d 24, 27 (1951). In its petition, Pershing claims

its right to mandamus is founded in § 36.10 CGOKC, which states:

> The city plan commission *shall* review any amendment to a development plan, previously approved by ordinance, and make its recommendation accordingly to the city council ... (Emphasis added)

Taking as true all factual allegations in Pershing's petition, this court holds as a matter of law that it would not be impossible for Pershing to obtain a writ of mandamus. Whether conditions precedent for mandamus have been met are matters for the trial court after presentation of evidence.

■ In the second sentence of the first ground for dismissal, Collins alleges Pershing failed to sue the party with the authority to place the amendment on the City Plan Commission's agenda. He argues the relator should have sued the Plan Commission or the "Redevelopment Coordinating Committee" rather than Collins, who is the Director of City Development. The City further argues that no provisions address the issue of what happens when a CGOKC § 36.10 application to amend is denied. Collins maintains that placing the amendment on the Commission Plan Agenda would be a useless act because the Plan Commission will merely deny the application for amendment. Collins further contends mandamus should not lie because relator seeks to compel performance of a non-ministerial duty by someone not charged with that duty. *See State ex rel. Patterson v. Tucker,* 519 S.W.2d at 24 (Mo. App.1975).

The functions of the Redevelopment Coordinating Committee, the Director of City Development, and the City Plan Commission are unclear from the record on appeal. It is clear, however, that relator sued Collins instead of any other potential party because of Collins' letter[3], dated No-

**3.** The contents of the letter, which precipitated this suit reads as follows: Please be advised that the Redevelopment Coordinating Committee meeting has been cancelled for Thursday, November 2, and that the application of Pershing Square Redevelopment Corporation for a fifth amendment has been removed from the City Plan Commission. By copy of this letter, I am requesting that Catherine Rocha, City Clerk, refund the filing fee to you.

By Resolution No. 63433, the Council declared the Pershing Square Redevelopment Corporation in default under the Development Plan and Redevelopment Contract as amended. No further action seems appropriate.

vember 1, 1989, which informed relator that the amendment issue had been taken off the committee's agenda. This court rules that relator had the right to rely on Collins' letter and the logical inference that Collins controlled whether or not the commission heard relator's application for amendment. *Cf. Menke v. Rovin*, 352 Mo. 826, 180 S.W.2d 24, 27 (1944) (*rely* means to "have confidence"). Evidence may very well reveal that Pershing sued the wrong person, and, thus, that Pershing failed to meet mandamus criteria prescribed in *Patterson, supra. See State ex rel. Continental Oil Company v. Waddill*, 318 S.W.2d 281 (Mo.1958); *State ex rel. Compton v. Walter*, 324 Mo. 290, 23 S.W.2d 167 (1929); *State ex rel. Bunker Res. Recycling & Rec. v. Mehan*, 782 S.W.2d 381 (Mo. banc 1990). Given the nature of the order appealed from, and giving due deference to the pleader who has been dismissed, this court rules this ground in Collins' motion cannot sustain the trial court's action.

■ In his second ground for dismissal, respondent alleges there is pending litigation under Rule 55.27(a)(10)[4]. This Rule and its statutory counterpart, § 509.290.1(8), enumerate specific defenses that may be presented in motion form rather than in a responsive pleading. One of these defenses, which respondent asserts here, is that there is another action pending in Missouri between the same parties for the same cause of action. Rule 55.27(a)(10) and § 509.290.1(8) codify the common law doctrine of abatement, *Platte Cty. M. Ctr. v. Mo. Health F. Review*, 734 S.W.2d 608, 609 (Mo.App.1987). The doctrine of abate-ment provides that "a prior pending action between the same parties and involving the same issues will abate a later like action ... [because] [t]he law abhors a multiplicity of suits." *O'Malley v. Lamb*, 113 S.W.2d 810, 811, 342 Mo. 171 (Mo. banc 1938).

■ Examination of case law reveals no clear, succinct explanation of how to apply Rule 55.27(a)(10) and § 509.290.1(8). Such an explanation is helpful here.

First, it is unclear from case law when an action becomes "pending." *State ex rel. Kincannon v. Schoenlaub*, 521 S.W.2d 391, 394 (Mo. banc 1975), held that where two suits are pending and they involve the same subject matter and same parties, the court in which the petition is first filed acquires exclusive jurisdiction over the matter. Prior to *Kincannon*, the general rule was that the court in which service of process was first obtained acquired exclusive jurisdiction over the action. The *Kincannon* court stated that cases supporting the prior rule should no longer be followed. *State ex rel. Kincannon v. Schoenlaub*, 521 S.W.2d at 395.

Despite the clarity of *Kincannon's* holding, it has since been erroneously cited as supporting the prior rule. *See, State ex rel. General Dynamics v. Luten*, 566 S.W.2d 452, 458 (Mo. banc 1978); *State ex rel. J.E. Dunn, etc. v. Schoenlaub*, 668 S.W.2d 72, 74 (Mo. banc 1984). This court need not decide which rule to follow because it is clear from relator's petition that the Union Station suit was filed about 21 months before the petition for writ of man-

---

**4.** (a) How Presented. Every defense, in law or fact, to a claim in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

(1) lack of jurisdiction over the subject matter,

(2) lack of jurisdiction over the person,

(3) improper venue,

(4) insufficiency of process,

(5) insufficiency of service of process,

(6) failure to state a claim upon which relief can be granted,

(7) failure to join a party under Rule 52.04,

(8) that plaintiff should furnish security for costs,

(9) that plaintiff does not have legal capacity to sue,

(10) that there is another action pending between the same parties for the same cause in this state,

(11) that several claims have been improperly united,

(12) that the counterclaim or cross-claim is one which cannot be properly interposed in this action.

damus was filed. Neither party has raised the issue of imperfect service of process.

■ The next issue involves reconciling the pending litigation rules with the rule of law mandating that the plaintiff's petition is the only pleading to consider when deciding whether to grant a dismissal. An explanation of the history of Rule 55.27(a) is helpful. First, Rule 55.27, effective in 1973, was created by combining several rules. Former Rule 55.31 and Former Rule 55.33 are pertinent here.

Former Rule 55.31(a) listed ten objections and other matters that may have been raised by motion. This list is identical to current Rule 55.27(a), except that current subparts (6) for failure to state a claim upon which relief may be granted, and (7), for failure to join a party under Rule 52.04, were not included in the former rule. Former Rule 55.31(b) allowed movants to attach affidavits to their motions. These motions acquired the name "speaking" motions because they often went beyond the face of the pleading. Currently, the provision appears in current Rule 55.28,[5] which is broader than former Rule 55.31(b) because it allows proof by testimony and depositions in addition to affidavits. *See* Committee Note Rule 55.28 (1974).

The rule of law that only the plaintiff's petition is to be considered when deciding whether to grant a dismissal is almost exclusively recited in cases where defendant moves to dismiss for failure to state a claim.[6] Case law shows that courts consider pleadings other than plaintiff's petition in determining whether to grant dismissal motions that are based on grounds *other* than failure to state a claim.

For example, in *Mullen v. Fridley*, 600 S.W.2d 125, 127 (Mo.App.1980), the defendant moved to dismiss on grounds of pending litigation. In support of his motion, the defendant filed a copy of the legal file of the alleged pending action. In determining whether to grant a dismissal, the trial court compared the counts of the earlier-filed petition to those of the later-filed petition.

In *State ex rel. Parker v. Adolph*, 725 S.W.2d 131 (Mo.App.1987), relator, the plaintiff in the underlying action, filed a petition for writ of mandamus to compel the respondent trial judge to withdraw his order granting defendant's motions to quash service of process and to dismiss. In the underlying products liability suit, the defendant, a foreign corporation, moved for dismissal on the ground that Missouri lacked personal jurisdiction. In determining whether to grant a dismissal, the trial judge considered not only the pleadings, but also an affidavit filed by defendant.

In *McNaul v. Kansas Power and Light Co.*, 770 S.W.2d 259 (Mo.App.1989), the appellant insurance company appealed from a garnishment judgment. The appellant claimed the trial court erred in denying its motion to quash garnishment, which was based on another action pending under Rule 55.27(a)(10). The trial court considered its suggestions supporting the motion to quash, which recited that pleadings from the alleged pending action were attached as exhibits. Upon review, the appellate court indicated it would have considered the exhibits, but could not do so because they had been omitted from the record. Instead, the appellate court considered the motion itself and the trial briefs supporting and opposing the motion.

Finally, *Fine v. Waldman Mercantile Co.*, 412 S.W.2d 549 (Mo.App.1967), interprets former Rule 55.31, now current Rule 55.27 and 55.28. The *Fine* court stated that the movant bears the burden of proving the motion. Furthermore, because the

---

**5.** When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.

**6.** *See e.g. Stiffelman v. Abrams*, 655 S.W.2d 522 (Mo.1983); *Tolliver v. Standard Oil Co.*, 431 S.W.2d 159 (Mo.1968); *Holland by Holland v.*

*City of Fenton*, 761 S.W.2d 213 (Mo.App.1988); *Ray v. Dunn*, 753 S.W.2d 652 (Mo.App.1988); *Tyler v. Harper*, 670 S.W.2d 14 (Mo.App.1984); *Shaw v. City of St. Louis*, 664 S.W.2d 572 (Mo. App.1983); *Counts v. Morrison–Knudsen, Inc.*, 663 S.W.2d 357 (Mo.App.1983); *Terre Du Lac Ass'n v. Terre Du Lac*, 737 S.W.2d 206 (Mo.App. 1987); *Ebling v. Hardesty*, 354 S.W.2d 348, 350 (Mo.App.1962).

motions do not prove themselves, the court stated that they must be supported by affidavits, records, or other evidence, unless the grounds for the motion are uncontroverted. *Fine v. Waldman Mercantile Co.,* 412 S.W.2d at 551. Thus, when deciding whether to grant a motion to dismiss because of pending litigation this court finds it is proper to consider not only the plaintiff's petition for relief, but also facts alleged in defendant's motion to dismiss and supporting evidence.[7]

■■■■■■ The third issue in construing Rule 55.27 is whether there must be identity of issues and identity of parties for another suit to qualify as pending litigation. The general rule is that identity of issues is always required and identity of parties is usually required. Specifically, the object and purpose of the two actions and the principles of law invoked must be the same. *Mullen v. Fridley, supra,* 600 S.W.2d at 127–128. Furthermore, abatement does not usually apply when party alignment in the original suit is reversed in the subsequent action. For example, the plaintiff must be the plaintiff and the defendant must be the defendant in both suits. *State ex rel. J.E. Dunn, etc. v. Schoenlaub,* 668 S.W.2d at 75.[8] But abatement is also appropriate even though the parties are reversed if the second cause of action is "essentially identical" to the first action filed. *Id.*[9]

■■■ In this case, Collins has not attached any affidavits to support his motion to dismiss. Rather, he merely alleges there is "pending litigation in Case No. CV88–24595 before the Honorable Forest W. Hanna ..." In his appellate brief, respondent argues that the Union Station

litigation issues and the mandamus action issues are the same. This court will not accept as true unsupported factual allegations contained in appellate briefs. To make a long story short, there is nothing in the record about the "pending suit," so the trial court should not have granted the motion to dismiss on the ground of pending litigation.

■■■ The third reason contained in the motion to dismiss was that relator failed to comply with the requirements of Missouri Supreme Court Rule 94.03, which require a petitioner in mandamus to file suggestions in support of his motion. Relator did file suggestions, but not until approximately one month and some days after the petition was filed. From the record, it is obvious that each party understands the issues presented here. Furthermore, respondent did not include this failure to comply with Rule 94.03 as part of its appellate brief or oral argument. Thus, under the facts of this case, this court holds that the trial court should not have granted respondent's motion to dismiss because of relator's failure to comply with Rule 94.03.

In summary, respondent's motion to dismiss should not have been granted for any of the reasons listed in its motion. The decision of the trial court is reversed and the cause remanded.

**7.** Rule 55.27(a) specifically states that a motion to dismiss based on the ground of failure to state a claim may be treated as a summary judgment motion when matters outside the pleadings are presented to and not excluded by the courts, as long as the court gives notice to all parties. By the plain language of the Rule, motions to dismiss based on grounds other than failure to state a claim are not converted into motions for summary judgment.

**8.** *See e.g. Long v. Lackawana Coal & Iron Co.,* 233 Mo. 713, 136 S.W. 673, 679 (Mo.1911); *Rod-*

*ney v. Gibbs,* 184 Mo. 1, 82 S.W. 187, 188–89 (Mo.1904); *Rookery Realty Loan, Inv. & Bldg. Co. v. Johnson,* 294 Mo. 461, 243 S.W. 123 (1922); *Northcutt v. McKibben,* 236 Mo.App. 605, 159 S.W.2d 699, 704 (1942); *State ex rel. Aetna Life Ins. Co. v. Knehans,* 31 S.W.2d 226, 228–29 (Mo.App.1930).

**9.** *See e.g. Younghaus v. Lakey,* 559 S.W.2d 30, 31 (Mo.App.1977); *Nicholls v. Lowther,* 491 S.W.2d 3, 5 (Mo.App.1973); *State ex rel. Dunphy v. Eversole,* 339 S.W.2d 506, 509 (Mo.App.1960).