STATE FARM FIRE AND CASUALTY
COMPANY, Plaintiff/Appellant,

v.

Richard Lee ALBERICI, and Michael S.
Pierce, Defendants/Respondents.

No. 62375.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 20, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 18, 1993.

Sam P. Rynearson, Kevin P. Schnur-busch, St. Louis, for plaintiff, appellant.

Jerry A. Klein, Carolyn L. Trokey, St. Louis, for defendants, respondents.

GRIMM, Judge.

State Farm appeals the dismissal of its petition for declaratory judgment, raising four points of error. Its petition did not state a claim upon which relief can be granted; we affirm.

### I. Background

On June 28, 1990, insured shot victim, causing serious bodily injury. In 1991, victim sued insured for damages. His petition included three counts. Count I sought damages for assault and battery; it alleged insured "intentionally, willfully and wantonly" shot victim "with a large bore handgun." Count II, sought punitive damages, and Count III, damages for negligence.[1]

In 1992, State Farm filed a declaratory judgment action, naming insured and victim as defendants. It alleged (1) insured had a State Farm homeowner's insurance policy; (2) on June 28, 1990, insured shot victim; (3) victim has sued insured;[2] (4) the policy has liability and medical payments coverage; (5) injuries are covered when caused by an occurrence, but an occurrence requires an accident and the "injury inflicted by the insured was not an acci-

---

1. After the petition for declaratory judgment was filed, victim filed a first amended petition. The amended petition does not contain any references to intentional conduct. Count I now seeks damages based on negligence; Count II,

damages based on Res Ipsa Loquitur; Count III, punitive damages for assault and battery.

2. A copy of victim's original petition was attached as an exhibit.

dent;" (6) coverage is not extended for the "willful and malicious acts of an insured;" (7) victim's injuries were the result of the "willful and malicious acts" of insured; and (8) punitive damages are not covered by the policy. State Farm sought an "order declaring the rights and obligations of the parties, and declaring that there is no coverage under the policy of insurance issued by [State Farm] to [insured] as a result of the shooting of [victim]." In a separate motion, State Farm also moved to stay the underlying tort action.

Insured filed a motion to dismiss the action. His grounds for dismissal were (1) the action was premature, (2) the petition failed to state a cause of action upon which relief could be granted, and (3) the action was barred by laches.

The trial court sustained insured's motion to dismiss and overruled State Farm's motion for a stay. It did not give any reasons for its order. Accordingly, on appeal we assume the trial court dismissed State Farm's petition for one or more of the reasons set forth in insured's motion to dismiss. *See Missouri Dep't of Social Servs. v. AGI–Bloomfield Convalescent Center, Inc.,* 682 S.W.2d 166, 167–68 (Mo. App.W.D.1984) (citing *Vorbeck v. McNeal,* 560 S.W.2d 245, 249 (Mo.App.E.D.1977)). We must affirm if any ground cited in the motion is valid. *State ex inf. Riederer v. Collins,* 799 S.W.2d 644, 647 (Mo.App.W.D. 1990).

### II. Motion to Dismiss

On appeal, State Farm asserts that the trial court abused its discretion in dismissing its petition because the "petition stated a cause of action for declaratory relief." We find that State Farm's petition did not state a cause of action; therefore, we do not reach State Farm's other points.[3]

■ On a motion to dismiss a petition for declaratory judgment, the question is whether the facts pleaded along with any reasonable inferences therefrom show entitlement to a declaration of rights or status. *Brewer v. Brewer,* 575 S.W.2d 216, 217 (Mo.App.E.D.1978); *Mercantile Trust Co. v. Chase Hotel, Inc.,* 510 S.W.2d 807, 809 (Mo.App.E.D.1974). State Farm's petition alone is considered. *See Collins,* 799 S.W.2d at 651 n. 6. We accept as true "all of the well-pleaded facts and their concomitant reasonable inferences, ignoring all conclusions." *Teat v. Director of Revenue,* 806 S.W.2d 754, 757 (Mo.App.W.D. 1991).

■ Facts alleged in a petition for declaratory judgment must show three things: (1) a justiciable controversy between the parties; (2) the petitioner has a legally protectible interest at stake; and (3) the question posed is "appropriate and ripe for judicial resolution." *AGI–Bloomfield,* 682 S.W.2d at 168.

■ A review of State Farm's petition shows that State Farm did not allege facts showing a justiciable controversy. State Farm did not allege that insured claimed there was coverage or that he tendered the defense of the underlying action to State Farm. *See St. Paul Fire & Marine v. Med. Protective Co.,* 675 S.W.2d 665, 667 (Mo.App.E.D.1984). Nor did it allege that it refused coverage, or that it agreed to defend insured under a reservation of rights. *See Farmers Alliance Mut. Ins. Co. v. Reed,* 530 S.W.2d 470, 471 (Mo.App. S.D.1975). Nor is there an allegation that insured disagrees with State Farm's interpretation of its policy. *See Hardware Center, Inc. v. Parkedge Corp.,* 618 S.W.2d 689, 695 (Mo.App.E.D.1981). We cannot infer from the pleaded facts that any of these events occurred.

The petition lacks an element required to state an action for declaratory judgment; consequently, it fails. Point denied.

---

**3.** In its other three points, State Farm alleged trial court error (1) "because a declaratory judgment suit is an appropriate proceeding to determine whether an insurer is obligated under its policy to defend," (2) "because the burden of proof is not shifted in a declaratory judgment action nor is defendant precluded from a trial by jury," and (3) because it did not grant a stay of the underlying action. Although some of State Farm's points may not comply with Rule 84.04(d), we deny insured's motion to dismiss appeal.

The judgment of the trial court is affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.