STATE of Missouri ex rel. Larry DUN-GER, Personal Representative of the Estate of R.B. Potashnick, Deceased, Margaret Fisher, J.T. Nelson, and Potashnick Construction, Inc., Relators,

v.

The Honorable Thomas C. MUMMERT, Judge, Division I, Circuit Court of the City of St. Louis, Missouri, Twenty–Second Judicial Circuit, Respondent.

No. 64894.

Missouri Court of Appeals,
Eastern District,
Writ Division Four.

March 8, 1994.

Richard G. Steele, Thomas R. Carnes, Finch Bradshaw, Strom & Steele, Cape Girardeau, and Mark D. Sophir, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for relators.

Timothy R. Anderson and Donald H. Clooney, Clooney & Anderson, St. Louis, for respondent.

SMITH, Presiding Judge.

This is an action in prohibition seeking to restrain the Honorable Thomas C. Mummert, Circuit Judge of the City of St. Louis, from proceeding to try a claim which relator asserts is duplicative of an action previously filed and now pending in the Probate Division of the Circuit Court of Cape Girardeau County, Missouri. We issued our preliminary writ which we now make permanent.

On October 4, 1991, plaintiff, Morton Potashnick, filed suit against Larry Dunger, conservator of R.B. Potashnick, in the Circuit Court of Cape Girardeau County, case number CV691–2194CC. In his petition, plaintiff sought damages for an alleged breach of an employment contract and an accounting relating to a construction job which was the basis of the employment agreement. The relevant terms of the employment agreement specified that R.B. Potashnick would "bequeath" to Morton Potashnick $1,000,000.00 (one million dollars) and some equipment in exchange for services rendered.

Later that month, R.B. Potashnick passed on and his will entered probate in the Pro-

bate Division of the Circuit Court of Cape Girardeau County. Larry Dunger was named personal representative of the estate and first notice of the issuance of Letters Testamentary was published on November 3, 1992.

On March 19, 1993, plaintiff filed a claim against R.B. Potashnick's estate in the Probate Division of the Circuit Court of the County of Cape Girardeau, estate number CV692–2472P. Plaintiff's claim against the estate sought damages and an accounting based on the employment contract that was the basis of the original suit. At oral argument, respondent's attorney advised this Court that the original suit has since been dismissed, and our reference to "prior" suit or case refers to the Probate proceeding now pending.

On July 20, 1993, plaintiff filed the action which underlies this writ application. That action, case number 932–07788, filed in the Circuit Court of the City of St. Louis, prays for damages and an accounting based on the same employment contract. Relator's motion to dismiss and motion to reconsider were both denied by the trial court.

Relator asserts the prior pending case in the Probate Division of the Circuit Court of the County of Cape Girardeau, serves to oust the Circuit Court of the City of St. Louis of jurisdiction.

The doctrine of abatement provides, "a prior pending action between the same parties and involving the same issues will abate a later like action ..." *State ex inf. Riederer v. Collins*, 799 S.W.2d 644 (Mo.App.1990) [10] (quoting *O'Malley v. Lamb*, 342 Mo. 171, 113 S.W.2d 810 (1938) [1, 2] ). In the present case there is no contention that the action filed in the Probate Division of the Circuit Court of the County of Cape Girardeau is not prior (action was filed four months earlier) or that the action was not pending (proper service of process was obtained). The only issue is whether there is sufficient similarity of issues and parties to warrant abatement.

■ The general rule is that identity of issues is always required while the identity of parties is usually required. *State ex inf. Riederer*, 799 S.W.2d at 652 [13,14]. The

object and purpose of the two actions and the principles of law relied upon must be the same. *Id.* (citing *Mullen v. Fridley*, 600 S.W.2d 125 (Mo.App.1980) [1] ).

■ Initially respondent argues that the legal issues involved are not identical. Respondent characterizes the petition filed in the Circuit Court of the City of St. Louis as an action seeking to enforce the contractual obligation of decedent to make plaintiff a beneficiary of decedent's will. However, examination of the petition indicates plaintiff merely seeks money damages for breach of contract. Although the plaintiff requests the trial court to find his interest in decedent's assets superior to those of the named beneficiaries, there is no prayer for specific performance to rewrite decedent's will. The allegations contained in the two petitions are identical. The petition filed in the Circuit Court of the City of St. Louis seeks to establish plaintiff as a creditor of decedent's estate, as does the claim filed against the estate in the Probate Division of the Circuit Court of the County of Cape Girardeau. The object, purpose, and principles of law relied on in both petitions are identical. Allowing plaintiff to go forth with his claims would risk subjecting relator to repetitive litigation and inconsistent judgments, the very reason for disallowing multiple suits. *State ex rel. City of Springfield v. Conley*, 760 S.W.2d 948 (Mo.App.1988) [1].

■ Respondent next argues that the cause of action filed in the Circuit Court of the City of St. Louis should not abate because the inclusion of the beneficiaries to decedent's will as named defendants creates sufficient dissimilarity in parties to prevent abatement. Relator, as the personal representative of decedent's estate, is the party properly charged with the defense of any claims against the decedent's estate. §§ 473.270, 473.273 RSMo, 1986. At best, the beneficiaries are nominal defendants. Extraneous parties to the action do not preclude dismissal when determining if there is sufficient commonality to warrant abatement. *See State ex rel. City of Springfield v. Conley, supra* at 951 [2]. In either suit the interest of the beneficiaries is identically affected, i.e., if plaintiff succeeds he becomes a

creditor of the estate superior in interest to the beneficiaries. *Smith v. Oliver*, 157 S.W.2d 558 (Mo.App.1941) [1, 2].

The prior pending suit filed by plaintiff in the Probate Division of the Circuit Court of Cape Girardeau County is sufficiently similar to the action filed in the Circuit Court of the City of St. Louis to warrant abatement. Thus the Circuit Court of the City of St. Louis is without jurisdiction to try this cause of action. Having determined that the Circuit Court of the City of St. Louis is without jurisdiction there is no basis to address the additional points raised by relator's writ application.

We therefore make permanent our preliminary rule of prohibition directed at the Circuit Court of the City of St. Louis.

SIMON and KAROHL, JJ., concur.